## DeGive *vs.* Healey & Berry.

1. Where two judgment creditors entered into an agreement for the division between them of a fund arising out of a sheriff's sale of property of the common debtor, it not being sufficient to satisfy both, the fact that one acted on the belief that the other had a valid mechanic's lien on the property, which proved not to be the case, is no such mistake of law as will cause the agreement to be set aside.
2. Where, in 1869, the attorney of one of the contracting parties, represented to the other, that third persons claiming a lien on the property forming the subject of the contract, were seeking to enforce

it in an erroneous and invalid manner, which was a mistake of fact, and no diligence appears to have been exerted to verify this statement, so easy of verification, a bill filed in 1877 to set aside the contract on the ground of such mistake, was properly dismissed on demurrer.

Equity. Contracts. Before Judge HILLYER. Fulton Superior Court. October° Term, 1877.

DeGive filed his bill against Healey & Berry, alleging, in brief, as follows:

In July, 1866, complainant sold to the "Masonic Hall Company" a lot in the city of Atlanta, and took a mortgage for the purchase money, which was duly recorded. On July 31st, 1867, Meador & Tumlin filed a claim of mechanic's lien on the lot as the property of the company, in September commenced suit, and in April, 1868, obtained a common law and mechanics' lien judgment for $2,590.40, with interest. In November, 1867, defendants commenced their action in the usual form to foreclose a mechanic's lien against the company, and recovered judgment in October, 1868. Execution issued and was levied on the lot; complainant claimed it; thus arose a contest of liens between complainant and defendants. Complainant believed that Meador & Tumlin had no valid and legal lien which they could enforce against the property or the proceeds, which opinion was produced by the statements of John L. Hopkins, Esq., attorney of defendants, that Meador & Tumlin were seeking to foreclose their lien in a summary manner, by affidavit, instead of properly by suit; that this was not legal, and the lien therefore not of binding force. Acting on this opinion and these statements, and also on the belief that the defendants had a good and valid lien, complainant entered into two agreements, the one to complete the other, and both for the purpose of allowing the property to be sold, and the parties to amicably divide the proceeds. The agreements were as follows:

(1.)

"In the matter of the controversy in reference to our

claims against the Masonic Hall Company, we agree as fol-
lows :

1. Laurent DeGive withdraws his claim and offers no
further obstruction to the sale of the property.

2. The proceeds of the sale are to be divided pro rata be-
tween us ; that is, we agree to take each, as between us, the
same per centum on our debts. The value of DeGive's
claim is to be ascertained in greenbacks on the day of sale.
This August 31, 1869.

Jno. L. Hopkins,

Attorney for Healey & Berry & Co.

D. F. Hammond,

Attorney for DeGive."

(2.)

(After a statement of account showing the respective
shares, after payment of costs, to be $14,269.71, and $5,-
705.81.)

" Whereas by the above account, made the 5th day of Oc-
tober, 1869, the sum of five thousand seven hundred and
five dollars and eighty-one cents is the share of Healey &
Berry at pro rata in the net proceeds of the sale of Masonic
Hall property, said net proceeds amounting to $19,975.52.

" It is agreed between said Healey & Berry of the first part,
and Laurent DeGive as principal, and Peter Huge as his se-
curity, of the second part, that said L. DeGive will pay to
said Healey & Berry on or before the 5th day of April, 1870,
one-half of said sum of $5,705.81 in United States currency,
with the interest at —— per cent., on or before the 5th day
of April, 1871, the second half of said sum of $5,705.81, in
United States currency, with the interest at —— per cent.,
the whole being subject to the following restriction : that
all mechanics' or other claims against the Masonic Hall prop-
erty for liens or debts existing against the Masonic Hall
Company before the 5th day of October, 1869, and espe-
cially the claim of Meador & Tumlin, if found to be a valid
lien by the courts, will be deducted from the said net pro-
ceeds of sale of $19,975.52, and that what will have to be
paid will be supported at pro rata by said parties, and that

said DeGive will retain out of the last payment to be made to Healy & Berry a sum equal to their pro rata of said claims, until they are decided by the courts; moreover, the lawyer of said Healey & Berry will defend to such claims with the lawyer of the said DeGive at their own costs, each party paying his own attorney. It is further agreed that said DeGive will deliver as collateral security to said Healey & Berry, two notes signed by Peter Huge, of Atlanta, of $2,000.00 each, guaranteed by mortgage on what is known as Peter Huge's block, on Whitehall street, Atlanta, Ga., one due the 11th of March, 1870, and the other the 11th of March, 1871—said notes, when paid, to be credited to said L. DeGive on what may be due by him to said Healey & Berry on account of this contract.

Signed, sealed and delivered this——day of October, 1869, in duplicate, in the city of Atlanta.

HEALEY & BERRY.      [Seal.]
LAURENT DEGIVE,      [Seal.]
P. HUGE.             [Seal.] "

Both the opinion of the law and the representation of facts on which the agreements were made were mistakes; further, defendants were not mechanics, and their lien as such was not good, and therefore the agreements were based on a mistake of law as to it. Defendants have sued for a balance claimed to be due under this contract. The prayer of the bill is as follows: (1.) For injunction to restrain defendants' suit. (2.) For cancellation of the agreements. (3.) For the recovery of what complainant has paid defendants in excess of what was right and proper. (4.) For general relief and subpœnas.

On demurrer the bill was dismissed, and complainant excepted.

D. F. & W. R. HAMMOND, for plaintiff in error.

COLLIER & COLLIER ; HOPKINS & GLENN, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to set aside two certain agreements made between the parties as therein set forth, on the ground that one of the agreements was entered into under a mistake of law, and that the other was entered into under a mistake of fact. The defendants demurred generally to the complainant's bill for want of equity. The court sustained the demurrer and dismissed it, whereupon the complainant excepted.

1. The alleged mistake of law as to the mechanic's lien of Healey & Berry on the Masonic Hall property, was no mistake at all. *Loudon et al., vs. Coleman et al., 59th Ga.,* 653.

2. The alleged mistake of fact is that the attorney of Healey & Berry, at the time of making the alleged agreements, represented to complainant that Meador & Tumlin had no lien in law which could be made available either against the Masonic Hall property, or against the fund which arose from the sale thereof, because they had attempted to foreclose it by affidavit and summary execution, which was not the legal mode, and said lien was of no force; that by this statement, complainant was induced to make said agreements which he otherwise would not have made. The complainant also alleges that at the time said representations were made to him, the lien of Meador & Tumlin was fully established by the courts, both as a mechanic's and a general judgment lien, not by affidavit and summary execution, but by regular record of said lien and suit, as required by law, and was in point of fact, at the time, prior in dignity both as a mechanic's lien, and as a general judgment, to the lien of Healey & Berry. The alleged mistake of fact occurred in 1869. The complainant's bill to obtain relief against it, was not filed until December, 1877. Besides, the complainant exercised no diligence on his part to ascertain whether Meador & Tumlin's lien on the property was a legal and valid lien; never examined the records of

the county, or the courts; never consulted his own attorney, for it appears he had one, but relied on the statement of the attorney of Healey & Berry as to the lien of Meador & Tumlin. There was no error in sustaining the demurrer to the complainant's bill, and dismissing the same. Code, §§3125, 3126. Let the judgment of the court below be affirmed.