The Grangers' Insurance Company *vs.* Turner.

1. A subscriber to the capital stock of a foreign corporation, whose subscription was induced by the false and fraudulent representations (material in their nature) of an agent employed and sent out by the corporation to solicit subscriptions, may, upon discovering the fraud, rescind or repudiate his contract, and proceed by attachment against the corporation, as for money had and received to his use, to recover back any payments which he may have made at the time of subscribing, or afterwards up to the date of discovering the fraud.   If the fraud has been condoned by acquiescence or otherwise, or if such legal or equitable rights have attached in favor of creditors of the corporation as that the plaintiff cannot, on that account, recede from his subscription, these are matters for plea or answer, the same not appearing affirmatively on the face of the declaration.
2. The declaration is sufficient, and the demurrer thereto was properly overruled.

Attachment. Corporations. Stockholders. Pleadings. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1878.

Turner commenced suit by attachment against the Grangers' Insurance Company, alleging in his affidavit, that it was indebted to him in the sum of $250.00, besides interest, and that it was doing business as a foreign corporation, and resided out of the state of Georgia. The attachment was levied by serving process of garnishment. A declaration was filed at the first term, the material portion of which was as follows:

"For that whereas, it is in substance and effect provided in the charter of said company, granted by the state of Alabama, that before said company should organize and commence the transaction of business, $100,000.00 of the capital stock should be subscribed and paid in; and whereas, by the false and fraudulent representation of said company, made through its agents who solicited and obtained the subscription of petitioner and others here, and organized the Georgia department of said company, as well as by the exhibition of its printed circular and book of tables containing the same representation, to the effect that said hundred thousand dollars had been subscribed and paid in at the general office of said company in Mobile, in the state of Alabama, as the parent or general office represents the home department in which said company originally organized, and under which it claimed a perfect organization under its charter, prior to and independent of the departments in other states. And the further false and fraudulent representation made by said company, through its agents, to the effect that one hundred thousand dollars of capital stock was to be subscribed in each state department and ten per cent. to be paid in, and ninety per cent. thereof in stock notes, which stock notes, together with the entire reserve fund belonging to all policies in force in the Georgia department (and in each state department), should be held and

loaned therein, and also that the stock notes and other evidences of loans made or taken in, should remain in said Georgia department and under control of the same.   Your petitioner was induced to and did subscribe in this, the Georgia department, of said company, for twenty-five shares, or $2,500 of stock in said company, upon conditions which allow the general office of said company the principal con trol and management of the affairs of said company, by a board of fifteen directors, each one of whom is required by the charter to be a resident of the state of Alabama.   Your petitioner then and there, to-wit :  on the 10th day of August, in the year 1875, paying in cash two hundred and fifty dollars, or ten per cent. of his said subscription to said company, all of which was done by petitioner upon the faith of such representations, which were false and fraudulent, for in truth and fact said hundred thousand dollars had not been so paid in, nor has it to this day, nor has the Georgia department been permitted to retain in possession such stock notes, reserve fund and evidences of loans aforesaid ;  the said general office at Mobile, taking possession of and keeping the same against the petition and protest of your petitioner and other subscribers of stock in the Georgia department.   By means of all and each of said fraudulent representations, actings and doings, petitioner's stock, so subscribed in the Georgia department, is worthless, whereas had said representations been true it would have been worth par value ;  and petitioner says that afterwards, to-wit:  on the 10th day of November, 1877, when your petitioner discovered the falsity of such representations he (and the other subscribers of stock in said Georgia department), without having received or realized any dividend or profit whatever .from, his said subscription of stock, withdrew from said company ·and participation in the affairs of the same, and demanded of said company and of the general office thereof, the money he had so paid and his stock note given for the balance of his subscription, then and there surrendering, and offering to surrender and give up his stock and all connection with and

interest in said company, but said company and the general office thereof, refused to comply with this reasonable demand, or to refund the money so unjustly and fraudulently obtained from petitioner. By reason whereof said defendant became liable to refund and pay to your petitioner the amount of money so paid by him, with interest from the day he paid it, but it has to this time neglected and refused, though often requested so to do, to the damage of petitioner five hundred dollars.

"Wherefore petitioner prays judgment, and such other proceedings as are proper and usual in cases of attachment and garnishment, and such other relief as to the court may seem meet and proper."

The defendant demurred generally to the declaration, and specially on the following grounds :

1. Because it does not conform to the attachment proceedings on which it is founded, and because it joins a count sounding in tort with a count in assumpsit.

2d. Because the demand set forth cannot be recovered by attachment, if by any other mode of legal procedure.

3. Because the declaration closes with a prayer for general relief in the nature of that frequently attached to a bill in equity, and this cannot be founded on an attachment where there has been no personal service at least thirty days previous to the term to which it is returnable.

The demurrer was overruled and the defendant excepted.

C. Rowell ; T. W. Alexander, for plaintiff in error, argued as follows : Declaration demurrable because of misjoinder of counts. Code, §3261 ; 53 *Ga.*, 112 ; 54 *Ib.*, 295–'6 ; 10 *Ib.*, 384. Because cause of action is not plainly and distinctly set forth. Code, §3256 ; 2 *Ga.*, 258 ; 3 *Ib.*, 79, 80 ; 27 *Ib.*, 519 ; 52 *Ib.*, 475–6 ; 50 *Ib.*, 257 ; 54 *Ib.*, 144 ; 14 *Ib.*, 271 ; 57 *Ib.*, 241 ; 16 Md., 220 ; 31 Ala., 701. Company not liable for misrepresentations of agents without scope of authority. 1 *Ga.*, 523 ; 33 *Ib.*, 466–'9 ; 19 L. & E., 387, 420 ; Kerr on Fraud & M., 326. That there had not been

complete organization of company not authorize recovery. 19 N. Y., 119; 3 Law Reporter, 553; 19 Wall., 163–'5 ; 13 Allen, 29 ; 19 Mo., 53; 5 Cent. L. J., 193 ; May. on Ins., §577 ; 56 *Ga.*, 224; 44 *Ib.*, 597 ; 32 *Ib.*, 291 ; 25 *Ib.*, 536. *Scienter* of agents making misrepresentations not alleged. 2 Chitty on Cont., 1040 ; 40 N. Y., 575 ; 46 How., (N. Y. Pr.), 355 ; 41 Ala., 50; 13 How., U. S., 198 ; 63 Penn., 350 ; 5 Law Reporter, 412 ; 32 *Ga.*, 382 ; 19 *Ib.*, 450 ; 26 *Ib.*, 366 ; 55 *Ib.*, 164. Plaintiff must have known that agents transcended authority from facts of case. 10 M. & W., 146 ; 15 Iowa, 387 ; Code, §§2194, 2213, 2184. Not alleged that stock was worthless at time of subscription. Code, §2957 ; 20 *Ga.*, 855 ; 14 *Ib.*, 316 ; 23 *Ib.*, 354 ; 34 N. J., (Law), 269 ; 2 Sawyer's U. S. Circuit Ct., 520. Representation of opinion of agent as to matter to take place in future not sufficient to base action on. Kerr on F. & M., 82 ; Bigelow on Fraud, 12, 57, 439 ; 32 Wis., 254 ; 6 Law Reporter, 341 ; 69 Barb., 8 ; 34 Ind., 506 ; 5 Allen, 324 ; 58 Me., 49 ; 68 Ill., 604.

Declaration does not correspond with attachment affidavit. 31 N. Y., 108 ; 37 *Ga.*, 32 ; 14 *Ib.*, 230 ; 29 *Ib.*, 159–'60 ; 30 Ala., 68 ; 31 *Ib.*, 552.

Trust fund cannot be diverted to damage of creditors and other stockholders. 25 *Ga.*, 297, 712 ; 24 *Ib.*, 277 ; 8 *Ib.*, 527, 510, 487 ; 1 Perry on Trusts, 302 ; 2 Story's Eq., 1252 ; 2 Add. on Torts, 1010 ; 1 Red. on Railways, 182 ; Ab. Dig. of Law Corp., 816 ; 38 Cal., 300 ; 45 N. Y., 505 ; Angell on Corp., 573, 415 ; 7 Wall., 409 ; 1 Otto., 45–56 ; 5 *Ib.*, 665, 687 ; 54 Barb., 111 ; 2 Chitty on Cont., 926, 1049, 1093 ; Bigelow's Leading Cases on Torts, 25–34 ; 3 Exch., 211 ; 1 Edward's Ch., 87 ; 1 Freeman's Ch., 174–'5. No privity. 10 *Ga.*, 334 ; 1 *Ib.*, 143. Demurrer only admits what is well pleaded. 3 *Ga.*, 27. Pleadings construed most strongly against pleader. 45 *Ga.*, 144 ; 49 *Ib.*, 89. Deceit not maintainable against corporation. Angell and Ames on Corp., 415. No equitable relief by attachment. 11 Ab. Pr. R., 405 ; 3 *Ib.*, 248. Loose conversations not

received to set aside solemn contracts. 57 *Ga.*, 172; 22 How. U. S., 390; 13 Wall., 384. If stock became worthless after subscription, was plaintiff necessarily damaged. 43 *Ga.*, 278; 12 East., 635. Failure of enterprise not show fraud. 22 How., 580; 3 Bissel, 417; 20 Vt., 509; 30. *Ga.*, 61. Misrepresentations of agents contrary to charter not affect corporation. 14 Ind., 169, 499; 34 Md., 316; 16 B. Mon., 5; 27 Barb., 424; 20 Wend., 94; Big. on Fraud, 71; Field on Corp., §324.

HARVEY & HAMILTON, for defendant, cited Kerr on F. & M., 41, 369; Abbott's Dig. Law of Corp., pp. 17, 195, 782; 32 *Ga.*, 274; 54 *Ib.*, 635; 44 *Ib.*, 459; 48 *Ib.*, 621; Code, §§3278, 3281, 3283; 37 *Ga.*, 32; 28 *Ib.*, 323; 47 *Ib.*, 676; 48 *Ib.*, 532; 55 *Ib.*, 194, 36.

BLECKLEY, Justice.

1. The declaration is, in its legal effect, for money had and received to the plaintiff's use. It proceeds on a rescision or repudiation of the contract of subscription, for fraud. Get that contract out of the way, and there is no obstacle to recovering the money back. That the plaintiff may pray for more relief than he is entitled to, does not vitiate his declaration. There is no substantial variance of the declaration from the affidavit in attachment; nor do we think there is any tort alleged further than fraud in a contract is a tort. The object of alleging the fraud is to get rid of the contract of subscription, and to substitute therefor and get the benefit of an implied contract to refund the money. If the fraud, after discovery, has been condoned, or if any legal or equitable rights have attached in favor of creditors of the corporations, requiring the plaintiff to abide by his subscription, these are matters for plea or answer. They do not appear on the face of the declaration, and their truth, though suggested in the argument, cannot be assumed.

2. The declaration is sufficient, and it was proper to overrule the demurrer.

Judgment affirmed.