HAMILTON *vs.* THE GRANGERS' LIFE AND HEALTH INSURANCE COMPANY.

(JACKSON, Chief Justice, was providentially prevented from presiding in this case.)

1. Recoupment as a defense must spring out of the contract upon which the plaintiff sues, and is confined to that. A claim arising out of a distinct transaction cannot be recouped against a suit on a promissory note.

2. The plea of set-off extends to all mutual demands existing between the parties at the date of the commencement of the action. Therefore money procured by the plaintiff from the defendant by fraud may be set-off against a suit on a note for money loaned.

(*a.*) Notes without words of negotiability, although held by a *bona fide* purchaser, are subject to the equities and defenses existing between the assignor and debtor at the time of the assignment.

Pleadings. Recoupment. Set-off. Promissory notes. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1880.

Reported in the decision.

D. B. HAMILTON; J. BRANHAM, for plaintiff in error.

DABNEY & FOUCHE, for defendant.

CRAWFORD, Justice.

The Grangers' Life Insurance Company, which sues for the use of F. E. Davidson, brought suit on a non-negotiable promissory note for five hundred dollars, made by D. B. Hamilton, on the eighth day of October, 1877, and payable to said company.

Pleas of set-off and recoupment were filed by the defendant, which were stricken on demurrer, and he excepted.

The facts set up and relied upon by these pleas were, that in August, 1875, the defendant was induced by the false and fraudulent representations of the plaintiff, its agents and officers, to subscribe and pay over two hundred and fifty dollars to its capital stock. By reason whereof the said company became and was indebted to the said defendant for so much money had and received, and thereafter by reason of the said subscription of stock, defendant was induced to borrow the amount specified in the said note. And for the same reasons, defendant was induced to pay to the use of the company the further sum of fifty dollars, in prosecuting and attending to the business of the company which it also became liable to pay. All of which the defendant pleads in recoupment

and set-off. The defendant's plea was amended by alleging that the two hundred and fifty dollars subscription was obtained by fraud, which was well known to the said Davidson, as he was either president or vice-president of the company, and if the representations made had been true, the stock of the same would be of par value, but instead thereof it was valueless.

1. The judgment of the court in striking the plea of recoupment was a correct legal ruling. Recoupment as a defense must *spring* out of the contract upon which the plaintiff sues, and is confined to that. In this case the *suit* was brought on the *promissory note*, and any cross obligation or independent covenant arising under *that contract* would be available as a defense; but it is sought by the plea to recoup under another distinct, independent and antecedent contract. This cannot be done.

2. The plea of set-off, as is well known, extends to any mutual demands existing between the parties at the commencement of the action. The plaintiff in this action, as is alleged by the defendant, is indebted to him in the sum of three hundred dollars, which was obtained from him by fraudulent and false representations made by its agents and officers to induce him to subscribe for its capital stock, etc. If this be true, as the demurrer admits, in connection with the full statement of the facts set out in the plea, then why is it not a good cross-demand of the defendant against the plaintiff? It may have been considered that because the plaintiff sued for the use of F. E. Davidson, and that the set-off claimed was not in any way connected with the debt sued on, or the transaction out of which it sprung, that the right to plead a set-off did not exist. Indeed, such was the rule insisted upon in the argument. But an examination will show that such a set-off may be pleaded to a negotiable paper even, when received under dishonor, and sued by the holder or indorsee. How much stronger then is the right when the paper is not negotiable, and the suit is by the payee.

Notes without negotiable words are *always subject* to equities and defenses in the hands of *bona fide* purchasers existing between the assignor and debtor at the time of the assignment. It follows necessarily, that where one is the assignee, who takes such a paper with knowledge of the equities, as is alleged in this plea, he cannot escape the legal consequences of such assignment, nor defeat the rights of the debtor.

If a suit founded on a similar claim can be maintained against the plaintiff as a separate action, as was held by this court in 61 *Ga.*, 561, why cannot a set-off with like allegations against the same party, suing the defendant upon a note not negotiable, be pleaded? We see no reason. Of course all supervening rights and legal defenses to this cross action, which are intimated directly in the case referred to, are not lost by a change from a direct suit in one instance to a set-off in another.

Judgment reversed.