Adams *vs.* Robinson, for use.

ADAMS *vs.* ROBINSON, for use.

1. An assignee of a negotiable security for value and before due, takes it free from the equities between the original parties, of which he had no notice.

(*a.*) An accepted draft, payable to the order of a specified person, is negotiable.

2. While the ordinary mode of transferring a negotiable instrument, payable to order, is for the payee to indorse it, an assignment thereof by the payee on a separate paper is good, and passes title to the assignee for value, before due, and without notice of any equities between the parties, free from them.

3. Such assignees could sue on the paper in their own names, but if they saw fit to sue in the name of the payee for their use, it did not render them subject to the equities between the payee and maker.

4. A draft was made payable at sight on the completion of a railroad during the current year to a specified point. It was payable to the order of a person named, and was accepted "on the terms specified." At the time of its making, the agent receiving it gave a receipt to the drawer, in which it was provided that if the amount necessary for the railroad should not be made up in twenty days, the draft should be void and returned. The road was completed during the year. Prior thereto, the draft was assigned by a separate writing, for value, to a firm who took without notice of the receipt:

*Held*, that the assignees took free from the equities arising out of the receipt, and evidence that the necessary amount had not been raised in twenty days, was inadmissible against them.

October 10, 1882.

Promissory Notes. Negotiable Securities. Before Judge HOOD. Clay Superior Court. March Term, 1882.

Reported in the decision.

J. H. GUERRY; KENNON & HOOD, for plaintiff in error.

R. H. POWELL, by HARRISON & PEEPLES, for defendant.

SPEER, Justice.

Jones & Singleterry brought their suit against D. C. Adams, acceptor, on the following draft:

" At sight, on completion of railroad to Blakely, during 1881, pay to the order of B. H. Robinson, president railroad extension, one hundred dollars, value received, and charge the same to account of

                    (Signed.)        F. E. GRIST, Agent."
    " To D. C. Adams."

And which was accepted on the face of said draft, as follows:

" Accepted on the terms specified.
                    (Signed.)        D. C. ADAMS."

At the time of making the draft, it appears that W. A. Buchanan, to whom said draft was delivered for the payee, Robinson, executed to Grist a receipt, in the following words:

" Received of F. E. Grist, agent, his sight draft on D. C. Adams, to assist the railroad. If the amount necessary is not made up in 20 days, the draft to be void, and returned.

              (Signed.)        W. A. BUCHANAN,
    "Feburary 21st, 1881.         for B. H. Robinson, President."

On the appeal, the plaintiff, by leave of the court, amended his writ by inserting the name of " B. H. Robinson, president, who sues for the use," etc.

The defendant pleaded that the condition upon which the draft was payable, to-wit: " If the amount necessary is not made up in twenty days, the draft to be void, and returned," was not complied with, and, therefore, he was not liable.

Under the evidence and charge, the jury found a verdict for the plaintiff for the amount of the draft. A motion for a new trial was made, which was refused, and defendant excepted.

Adams *vs*. Robinson, for use.

It appeared in evidence that the railroad was completed 1st of November, 1881 ; and further, that said draft was, on the 25th of March, 1881, by Robinson and others, by writing, assigned and transferred to the plaintiffs' usees, Jones & Singleterry, for value, who received it without notice of the existence of the receipt executed at the time of the making of the draft, and that they were contractors on said railroad extension, and received it in part payment for their work on said road as such.

The material question in this case is, whether or not the defence here set up was available against these plaintiffs who received this draft from the payee, B. H. Robinson, for value, by an assignment in writing in a separate paper, before due, and without any notice of the receipt containing the condition sought to be engrafted on this contract. If this draft was not a negotiable paper by its terms, then it is conceded that the plaintiffs who received it did so "subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment was given to the debtor." Code, §2244.

"A bill of exchange," says Mr. Story, in his work on that subject, "is negotiable between all persons except the king or government, when it is payable to order, or bearer, or some other equivalent words are used, authorizing the payee to assign or transfer the same to third parties : such, for example, as payable to A, or his assigns." Story on Bills of Exch., 3d ed., p.81; Bailey on Bills, ch. 1, 10, p. 33 ; Str. rep., 706 ; 6 Term rep. 123 ; Chitty on Bills, 181.

It is insisted by plaintiff in error, that as Robinson, the payee, did not endorse this bill, and as the same was payable to his order, it was not negotiable until endorsed ; but such we do not understand to be the meaning of negotiable securities. "If they have operative negotiable words in the instrument itself, they are of the class that are termed negotiable securities." 56 *Ga.*, 203.

The rule laid down by this court in the case of *Cohen vs. Prater*, 56 *Ga.*, 203, we understand to be the correct rule. "The indorsee of a note containing no negotiable words, is chargeable with notice of all defects in the consideration, although he takes it before due, and for value. The negotiable paper which is not subject to such a defence, is a paper which the parties render negotiable as a part of their express contract, and not such as wanting negotiable words, the statute alone renders negotiable for the purpose of passing the legal title and enabling the assignee or indorsee to sue in his own name." This being, then, a negotiable paper by its terms, was it subject to be transferred and assigned in a separate writing, so as to pass the title ; and if such transfer was made before due, and for value, without notice of any defect, was it, when thus transferred, subject to all the equities between the assignor and debtor, as is here contended for by plaintiff in error? We think not. It is true, the regular and usual mode of transfer would have been for the payee to have endorsed his name upon the bill, and then transfer could have been had by delivery.

But, under section 2244 of the Code, we think this transfer or assignment is good, and protects the present holders, as innocent purchasers for value, before due, from all pre-existing equities. Under the head of assignment of choses in action, this section declares: " All choses in action, arising upon contract, may be assigned so as to vest the title in the assignee, but he takes it (except negotiable securities) subject to the equities existing between the assignor and debtor," etc.

The implication is irresistible that, if the paper thus assigned be a negotiable security, the assignment passes the title equally with those of the non-negotiable class ; but the exception in favor of negotiable securities is, that their assignment, when thus made, relieves them from all pre-existing equities between the assignor and debtor, if

made for value, before due, and without notice to the assignee of such equities.

This being, then, a negotiable paper, and assigned in writing, the title passed to the assignee, and they, taking it as innocent holders for value, take it free from pre-existing equities. The distinction between this and the case relied on by plaintiff in error in 56 *Ga.*, 203, is simply this: The instrument, the subject-matter of that suit, was a security with no operative words of negotiability in its terms, and being such, the assignee took, subject to pre-existing defences. With the view we have of this case, Robinson was not a necessary party to this suit. The assignment made passed the title to Jones & Singleterry, and they could maintain the suit. Code, §2244. Being under the assignment, and by the proof, innocent assignees of this draft for value, before due, and without notice, they were, under the law, protected against all prior equities or defences, such as were sought to be set up; and we see no error in the court excluding the testimony offered by the defendant below.

Judgment affirmed.