IN THE

## Supreme Court of Georgia,

### AT ATLANTA.

---

### FEBRUARY TERM, 1884.

---

PRESENT—JAMES JACKSON, . . . . . . . CHIEF JUSTICE.
SAMUEL HALL, . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . " "

---

## CLARK, assignee, vs. TURNER et al.

Where a corporation, incorporated under the laws of Alabama, was only authorized by its charter to issue stock to the amount of one hundred thousand dollars, when stock to that amount had been issued, its charter power was exhausted; stock issued beyond that amount was *ultra vires* and void, and a subscription therefor could not be collected by the corporation, or by the assignee thereof occupying the place of such corporation.

(a.) A judgment rendered by the courts of a state in which a corporation is chartered, construing such charter with respect to the powers conferred therein, will be followed by the courts of this state.

(b.) This case differs from those in 65 *Ga.*, 649, 750; 67 *Id.*, 145.

(c.) If one who subscribed to the stock of an insurance company after its charter power of issuing stock had been exhausted induced insurance in that company on the part of any other person, by his acts as trustee or agent thereof, or on the faith of his subscription, an individual action on the part of the person so induced would lie against him, but not an action by the company or its assignee for his subscription.

March 18, 1884.

v 73-2

Corporations. Comity of States. Assignee. Actions. Torts. Before Judge LAWSON. Floyd Superior Court. September Term, 1883.

The Grangers' Life and Health Insurance Company brought suit against J. W. Turner and Abner Echols for $250.00, as an assessment of ten per cent on a stock subscription of $2,500.00, on which $250.00 was paid and a note given for the balance of $2,250.00, dated August 10, 1875, payable on demand without interest, "in part consideration for twenty-five shares of the capital stock of said company, subscribed for by John W. Turner, subject to the conditions and regulations in the constitution of said company in regard to stock notes."

Defendant, Turner, pleaded the general issue and a special plea, to the effect that the plaintiff was incorporated under a declaration of incorporation filed in the office of the probate court of the county of Mobile, Ala.; that under this declaration, the capital stock of the company was limited to $100,000.00; that a general statement that it desired to have the privilege of increasing the capital had been decided by the courts of Alabama not to be sufficient to give any right of increase under the laws of that state; that the entire amount of capital was subscribed for, but afterwards, nevertheless, the plaintiff represented to this defendant and others that it had the right to increase its capital to $200,000.00, and obtained from him a subscription to $2,500.00 of the stock of the company; that he paid the ten per cent required, and gave the note in suit for the balance, with Echols as security; that this subscription was *ultra vires* and void, and the note given therefor was not collectable.

Plaintiff having assigned its property to Clark, he was made the party plaintiff in its stead. The case was submitted to the presiding judge without a jury. The plaintiff introduced the note sued on, having on it a credit of $25.00 for a dividend, January, 1877, and showed the as-

sessment of ten per cent on subscribers; also that there was an outstanding judgment against the company for $2,000.00 principal, recovered by one Mrs. Deppish on a policy issued on her husband's life after the date of Turner's subscription, and that a return of *nulla bona* had been made on the *fi. fa.;* also that the company had assigned to Clark. A witness testified that Turner had been appointed a trustee of the company, and he thought had acted as such. Under the constitution of the company, the president and secretary, with the approval of the board of directors, could establish branch departments in different states and appoint a board of trustees for such branch departments, and they, in turn, should annually elect a board of directors of the branch; each trustee was also empowered to receive applications for insurance.

The charter and constitution of the company were before the court. He found for the defendants on the pleas of the general issue and the invalidity of the subscription. Plaintiff moved for a new trial, on the ground that the finding was contrary to law and evidence. The motion was overruled, and plaintiff excepted.

DABNEY & FOUCHE, for plaintiff in error.

C. N. FEATHERSTON; D. B. HAMILTON, for defendants.

JACKSON, Chief Justice.

This suit was brought by the Grangers' Life and Health Insurance Company of the United States of America, a corporation created by virtue of the laws of the state of Alabama, against John W. Turner, for the recovery of a ten per cent installment called for on a promissory note for stock therein. The defendant set up by plea that the corporation was permitted by the laws of Alabama to issue stock only to the amount of one hundred thousand dollars, which had been exhausted by the issue of stock to that amount prior to his subscription, and therefore the issue

of more stock was *ultra vires* and void, and if he paid his subscription, he would get nothing therefor. The entire case, on law and facts, was submitted to the presiding judge without a jury; the judge rendered a decision for the defendant, and the assignee of the corporation having been made a party, excepted, and assigns that judgment for error here.

It seems clear from the evidence that the stock was limited to one hundred thousand dollars in the application for and grant of the charter, under the general laws of Alabama, by the proper court of that state. There was some sort of reservation of the right to issue more in this application, but nothing was done by the court in respect thereto, nor was any authority granted to the corporation to issue more, under the laws of Alabama.

Indeed, in the case of this same company against Kampes *et al.*, decided by the Supreme Court of Alabama at the December term, 1882, it was held that, under the general law of Alabama and the amendments thereto and the charter of this company by the Mobile court, there was given it no power to go beyond the sum of one hundred thousand dollars; that the issue of stock beyond that amount was *ultra vires* and void, and consequently that the subscription beyond that sum could not be collected. A certified copy of the opinion in that case is before us, the case not having been yet reported and published, and that judgment must control and conclude this case. The Alabama decision upon its own statute law is respected in the sister states of the Union, and would be recognized as giving the true intent and scope of her statute law by the Supreme Court of the United States. The latter court, in the case of Scovill *vs.* Thayer, 105 U. S., 143, announces the same principle as is decided in the case of this corporation by the Alabama decision, in a similar Louisiana case, and holds stock beyond an amount authorized by the laws of Louisiana utterly void and uncollectible by judicial process, ruling that subscription to such stock created

no privilege or right in the subscriber and no liability on his part. If this subscriber had induced insurance on the part of any person in the Grangers' Life and Health Insurance Company by his acts as trustee or agent, or on the faith of his subscription, then an action on his individual right for the tort against Turner would lie; but this assignee stands in the shoes of the corporation and sues for the benefit of all creditors, and there is no pretense in this record that any particular creditor was induced or influenced by his action to insure in the company. Scovill *vs.* Thayer, *supra.* So that neither the corporation nor its general assignee can recover in this suit, on the facts which this record discloses. In the cases of *Turner vs. The Grangers' Life and Health Insurance Co.,* 65 *Ga.,* 649, and *Hamilton vs. the same,* 65 *Ga.,* 750, and 67 *Ib.,* 145, this plea of *ultra vires* was not in issue, but the parties against this corporation in those cases relied upon false and fraudulent representations on the part of the company as inducing their subscriptions as the ground of their defense, and their action in reference to this company and their subscriptions therein. So that neither of those cases touch the decision now made. For the first time, this point is now made in this court, and, as seen above, the judgment by the Supreme Court of Alabama, in the case of this company *vs.* Kampes *et al., supra,* absolutely controls and concludes this case, that judgment being a construction of the power of an Alabama corporation under its statutes.

Judgment affirmed.