## JONES *v.* PITTS & SON.

98  521|
108  381|
—————
98  521|
112  905|

1. Where, after sustaining a demurrer to a particular paragraph of a plea, the plea was amended and the court then " set aside said demurrer," the defendant had no cause of complaint.
2. Striking on demurrer one paragraph of a plea is not cause for reversal when it appears that another paragraph, containing substantially the same averments, which was neither demurred to nor stricken, was afterwards voluntarily withdrawn by the defendant.
3. Alleged error in the amount of a verdict cannot be corrected by direct exceptions to the verdict in a bill of exceptions.
4. The bill of exceptions in the present case contains no clear and distinct assignment of error.

June 1, 1896. By two Justices. Argued at the last term.

Foreclosure of mortgage.    Before Judge Butt.    Talbot superior court.    March term, 1895.

*Bull & Perryman* and *Persons & Son,* for plaintiff in error.

*J. H. McGehee* and *Brannon, Hatcher & Martin,* contra.

LUMPKIN, Justice.

This was a proceeding by Pitts & Son against Mrs. Jones to foreclose a mortgage on realty, and resulted in a judgment in favor of the plaintiffs. She brought the case to this court for review by a bill of exceptions which contains no clear and distinct assignment of error. One thing complained of is, that the court sustained a demurrer "to the 6th paragraph and 2d plea of defendant." The pleas, as sent up in the record, are not numbered; but as only one of them has a "6th" paragraph, we presume this to be the plea referred to. It appears, however, that after an amendment to the defendant's plea, the court "set aside said demurrer." The effect of this was to reinstate the 6th paragraph alluded to, so this action of the court left the defendant, as to this matter, without cause for complaint.

Again, the bill of exceptions complains that the court sustained a demurrer to the "7th paragraph and 3d plea of

defendant." As there is only one 7th paragraph in any of the pleas sent up in the record, we will assume that is the one intended. Whether or not it was error to strike this portion of the defense is immaterial, for the reason that another plea which was neither demurred to nor stricken contains substantially the same averments, and this latter plea was voluntarily withdrawn by the defendant after the other had been stricken. Had the defendant allowed the plea thus withdrawn to have remained, she could have obtained under it every possible right and advantage which she could have derived from the plea which was stricken.

There was no motion for a new trial, but the bill of exceptions undertakes to complain directly that the amount of the verdict was too large. It is well settled that an error of this kind in a verdict cannot be thus reviewed.

*Judgment affirmed.*