## MACKIN *v.* BLALOCK.

1. The indorsee of a due-bill, containing no negotiable words, is chargeable with notice of all defects in the consideration, although he takes it for value and before due.

2. The plea of want of consideration was good as against a general demurrer.

3. A verification of a plea to an action founded on an unconditional contract in writing is sufficient where the defendant swears that the facts stated therein are true to the best of his knowledge and belief.

4. Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable.

Argued July 12,—Decided November 20, 1909.

Complaint.    Before Judge Reagan.    Fayette superior court. September 21, 1908.

*Lamar Rucker,* for plaintiff.

*J. W. Wise* and *W. B. Hollingsworth,* for defendant.

EVANS, P. J.    Mackin brought suit against Blalock on the following instrument:

"$7,000.00                    Hot Springs, Ark., Feb. 27, 1905.

"For value received, I owe J. Henry Peyser Seven Thousand dollars ($7,000)                    [Signed] S. T. Blalock."

[Indorsed] "Pay to the order of William J. Mackin.

[Signed] J. Henry Peyser."

In his answer the defendant, after denying indebtedness, specially pleaded "that he has no recollection whatever of having given J. Henry Peyser any note or paper, and for that reason can neither admit nor deny that he signed the paper sued on, and for the same reason he can not state the facts and circumstances under which said paper was executed, if at all, by him; but this defendant states positively that if said paper was signed by him, it is a nudum pactum, for the reason that it was executed without consideration, either good or valuable, to him or any one else, and without injury, loss, or detriment to the said Peyser, or any one else.    And this defendant specifically avers that with the exception of an indebtedness to said Peyser of about three hundred dollars, which was subsequently paid by check, he owed the said Peyser nothing and was not indebted to the said Peyser in any sum whatever at the time when said paper purports to have been signed, or at any time thereafter, and was under no obligation or liability to said Peyser of any character whatever; and no money or other thing of value passed from said Peyser to this defendant or any one else at his instance or request, either at the time said paper purports to have been signed or at any time thereafter."    At the trial term the plaintiff

demurred generally to the sufficiency of the plea, and the court overruled the demurrer. He then moved to strike the answer, because it was not positively verified; which motion the court denied. The case proceeded to trial, and eventuated in a verdict for the defendant, upon which a judgment was entered. The plaintiff sued out a bill of exceptions assigning error on the action of the court in permitting the verdict to be rendered and judgment entered thereon, and on the ruling on the demurrer and the motion to dismiss.

1, 2. Counsel for plaintiff in error characterizes the special plea as a plea of non est factum, and points out its deficiency as such. We concede that the plea is not good as a plea of non est factum; but we think that, as against a general demurrer, the plea is good as a plea of want of consideration. The writing sued on is to all intents and purposes a due-bill. *Brewer* v. *Brewer, 6 Ga.* 587. It is assignable by indorsement or written assignment in the same manner as bills of exchange and promissory notes. Civil Code of 1895, § 3682. While the code section just referred to declares that any contract in writing for the payment of money is negotiable by indorsement or written assignment in the same manner as bills of exchange and promissory notes, its effect is not to render such paper a negotiable instrument so as to come within the operation of Civil Code, § 3694, which provides that a bona fide holder of a negotiable instrument, who receives the same before due and without notice of any defect or defense, shall be protected against all defenses by the maker except non est factum, gambling or immoral and illegal consideration, and fraud in its procurement. In order to render a note negotiable within the purview of the Civil Code, § 3694, it must be payable to the payee and to his order, or assigns or bearer. The writing sued on contains no such words of negotiability. These two code sections (§§ 3682, 3694) as well as other cognate sections, were exhaustively considered by Bleckley, J., in the case of *Cohen* v. *Prater, 56 Ga.* 203, where it was held: "The indorsee of a note containing no negotiable words is chargeable with notice of all defects in the consideration, although he takes it before due and for value. The negotiable paper which is not subject to such a defense, in the hands of a bona fide indorsee, is paper which the parties render negotiable as a part of their express contract, and not such as, wanting negotiable words, the statute alone renders negotiable for the purpose of passing the legal title and enabling the indorsee or assignee to sue

in his own name." This case has been followed several times. See *Ryals* v. *Johnson County Savings Bank,* 106 *Ga.* 525 (32 S. E. 645), and cases cited. The plaintiff therefore stands in no better relation to the maker than his assignor as to defenses which the maker might set up. An essential element in every contract is that it must be supported by a consideration; without a consideration the contract is nudum pactum and unenforceable.

3. The plea was verified according to rule 24 of the superior court. Civil Code, § 5655; *Bishop* v. *Exchange Bank,* 114 .*Ga.* 962 (41 S. E. 43).

4. Where a case has been tried by a jury and a verdict rendered therein, and the losing party .desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. *Holsey* v. *Porter,* 105 *Ga.* 837 (31 S. E. 784). No error of law having been committed on the trial, the verdict will not be reversed.　　　　*Judgment affirmed.　All the Justices concur.*