7184.  HOLLAND *v.* THE STATE.

1. The provisions of section 6144 of the Civil Code (relating to those cases where a motion for a new trial is not a necessary antecedent to a review by bill of exceptions) do not apply when there is no exception other than that the verdict was contrary to the evidence, or that, being without evidence to support it, the finding was contrary to law.  A party can not complain of a verdict as being contrary to evidence without first moving for a new trial, for "where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to have the correctness of the verdict reviewed by this court, a motion for a new trial is indispensable."  *Holsey* v. *Porter*, 105 *Ga.* 837 (31 S. E. 784).

2. When there is no complaint of any error of law, and a review of the verdict is sought by direct bill of exceptions without a motion for a new trial, the writ of error will be dismissed.

DECIDED MAY 18, 1916.

Indictment for sale of liquor; from Terrell superior court—Judge Worrill.  November 17, 1915.

*W. H. Gurr*, for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold*, contra.

RUSSELL, C. J.  This case is very similar to that of *Sanders* v. *State*, 84 *Ga.* 217 (10 S. E. 269).  Holland, like Sanders, was charged with being criminally intimate with intoxicating liquors (if we may use that expression, since the "spirit" of the law is that we "touch not, taste not, handle not" such liquors), and he seeks to review the sufficiency of the evidence upon which he was convicted, as Sanders did, by direct bill of exceptions, without a motion for a new trial.  The case at bar differs from the *Sanders*

case only in the fact that in that case it appears that no motion for a new trial was ever made, while in the case at bar, according to the note of the presiding judge, a motion for a new trial was made, but was abandoned by the movant, and was thereafter dismissed upon the State's motion. In ruling upon the *Sanders* case Chief Justice Bleckley said that it had been so often ruled that without a motion for a new trial the verdict of the jury and the evidence applicable to it can not be considered that "we need not do more than to refer to about fifteen cases to relieve ourselves from discussing it." He then cited numerous cases upon the point, beginning with *Bell* v. *Powell,* 4 *Ga.* 525, and running down to *Massengill* v. *Banks,* 76 *Ga.* 342. Of course, all of these decisions were rendered prior to the act of 1898 (Acts 1898, p. 92) now embodied in our Civil Code as § 6144. But in passing that statute the legislature made no provision for reviewing by direct bill of exceptions the sufficiency of the evidence to support a particular verdict, and confined the instances where it is not necessary to make a motion for a new trial or file a brief of the evidence to cases where the judgment, decree, or verdict was necessarily controlled by one or more rulings, orders, or decrees or judgments of the court. Consequently, since the passage of the act of 1898, supra, the Supreme Court has uniformly adhered to the ruling in the *Sanders* case, supra, and, like Judge Bleckley, we will relieve ourselves of the labor of a further discussion, by citing, among the numerous cases which hold that a party can not except to or complain of a verdict as being contrary to evidence without first moving for a new trial, *Jones* v. *Pitts,* 98 *Ga.* 521 (25 S. E. 573); *Holsey* v. *Porter,* 105 *Ga.* 837 (31 S. E. 784); *Taylor* v. *Reese,* 108 *Ga.* 379-381 (33 S. E. 917); *Smith* v. *Crotty,* 112 *Ga.* 905 (38 S. E. 110); *Bacon* v. *Jones,* 117 *Ga.* 498 (43 S. E. 689); *Bashinski* v. *State,* 123 *Ga.* 510 (51 S. E. 499); *Mackin* v. *Blalock,* 133 *Ga.* 551-553 (66 S. E. 265, 134 Am. St. R. 220).

Judged by its past, this court has always preferred to consider cases upon the merits, and we have frequently expressed reluctance at being compelled to dismiss writs of error upon points of practice; but in the present case there is no reason for personal reluctance to even feebly protest against judicial compunction, since the evidence (as it is before us in the bill of exceptions) so overwhelmingly authorizes a conviction that it would seem that

a review of its sufficiency could not result otherwise than in an affirmance.

There being no error of law complained of, but only an attempt to obtain a review of facts by direct bill of exceptions, without a motion for a new trial, the. writ of error must be

*Dismissed.*