### 10561.  STRICKLAND v. THE STATE.

BROYLES, P. J.  1. In this case a verdict and judgment were rendered, but no motion for a new trial was made. The burden, therefore, is upon the plaintiff in error to show that the alleged errors of omission in the charge of the court, complained of in the bill of exceptions, were necessarily controlling upon the verdict and judgment. Civil Code (1910), § 6144.

2. The conviction of the defendant did not depend wholly upon circumstantial evidence, and therefore the court did not err, in the absence of a timely and appropriate written request, in failing to charge the law of circumstantial evidence.

3. The second assignment of error, based upon the failure of the court to charge a certain theory, in the light of the qualifying note of the trial judge and of the entire charge, is without merit.

4. The court did not err in failing to charge, in the absence of a timely and appropriate written request, that if the defendant unlawfully pointed and snapped a pistol at the prosecutor, but in doing so did not intend to kill him, the jury would not be warranted in convicting him of assault with intent to murder, but would be warranted in convicting him of pointing a pistol at another, which is a misdemeanor. The judge correctly charged the law of assault with intent to murder, including of course the specific intent to kill, and the jury, by returning a verdict of assault with intent to murder, necessarily found that the defendant had such intent. Furthermore, the theory that the defendant, in assaulting the prosecutor with a deadly weapon, did not intend to kill him, was raised solely by the defendant's statement; and it is well-settled law that under such circumstances the

judge is not required to charge upon this theory, unless a request therefor has been presented.

5. Under the immediately preceding ruling and the facts of the case, the court did not err, in the absence of a timely and appropriate written request, in failing to charge at all upon the offense of pointing a pistol at another.

6. The court did not err, in the absence of a timely and appropriate written request, in failing to charge the jury that if they believed the defendant pointed the pistol and snapped it at the prosecutor in self-defense he should be acquitted. The theory of self-defense, if raised at all, was raised solely by the defendant's statement, and it is well-settled law that under such circumstances the court is not required to instruct the jury thereon, in the absence of a timely and appropriate written request to do so.

7. No motion for a new trial having been made in this case, the question as to the sufficiency of the evidence to support the verdict can not be passed upon. *Mackin* v. *Blalock*, 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220).

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., concurs specially.*

STEPHENS, J. I concur in the judgment of affirmance upon all of the grounds, but cannot agree to all of the reasoning in paragraph four.

DECIDED JULY 23, 1919.

Indictment for assault with intent to murder; from Early superior court—Judge Worrill. April 16, 1919.

*A. H. Gray, L. M. Rambo,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.