## 18079. MOBLEY v. ELLIS.

BELL, J. 1. "Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable." *Mackin* v. *Blalock*, 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220). "The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed upon in the court below, by a motion for new trial." *Bacon* v. *Jones*, 117 *Ga.* 497 (2) (43 S. E. 689). See also *Jones* v. *Pitts*, 98 *Ga.* 521 (3) (25 S. E. 573); *Holsey* v. *Porter*, 105 *Ga.* 837 (31 S. E. 784); *Taylor* v. *Reese*, 108 *Ga.* 379, 381 (33 S. E. 917); *Ocean S. Co.* v. *Hamilton*, 112 *Ga.* 901 (3), 905 (38 S. E. 204); *English* v. *Hill*, 116 *Ga.* 415 (3), 417 (42 S. E. 717); *Bashinski* v. *State*, 123 *Ga.* 508 (2) (41 S. E. 499); *Schroeder* v. *Schroeder*, 144 *Ga.* 119 (3) (86 S. E. 224); *Holland* v. *State*, 18 *Ga. App.* 102 (88 S. E. 908); *Jones* v. *Richards*, 23 *Ga. App.* 560 (99 S. E. 11); *Strickland* v. *State*, 24 *Ga. App.* 157 (7) (99 S. E. 890).

2. An assignment of error in a bill of exceptions that "the verdict as directed is contrary to law" is not an exception to the direction of the verdict, and raises no question as to whether the court committed error in directing the verdict. *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103); *Gilliard* v. *Johnston*, 161 *Ga.* 17 (129 S. E. 434).

3. Where, in a case tried before a jury upon issues of fact, the losing party made no motion for a new trial, but brought the case to this court by a direct bill of exceptions, and where the bill of exceptions contains no other valid assignment of error, a reversal will not be ordered merely upon exceptions to a ruling excluding testimony offered by the plaintiff in error, where it does not appear that this ruling necessarily controlled the verdict against him. *Anderson* v. *Wyche*, 126 *Ga.* 393 (55 S. E. 19); *Cox* v. *Macon Railway & Light Co.*, 126 *Ga.* 398 (55 S. E. 232).

4. Under the above rulings, there can be no judgment of reversal in this case. Since there is a difference of opinion among the members of this court on the question of whether the proper practice would be to affirm the judgment or to dismiss the writ of error, and since there is no motion to dismiss, the court, in the particular instance, will affirm the judgment. The result to the parties is the same. *Sanders* v. *State*, 84 *Ga.* 217 (10 S. E. 629); *Bacon* v. *Jones*, supra; *Central of Ga. R. Co.* v. *Blackman*, 7 *Ga. App.* 766 (68 S. E. 339).

5. The rule of practice as set forth in paragraph 1 above was overlooked by this court in *Smith Bros. Co.* v. *Charleston &c. Ry. Co.*, 36 *Ga. App.* 480 (137 S. E. 115), in which the court's opinion was prepared by the writer of the present decision.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1928.

Appeal and Error, 3 C. J. p. 918, n. 23; p. 985, n. 34; 4 C. J. p. 77, n. 28; p. 606, n. 81.

Appeal; from Floyd superior court—Judge Maddox.  January 24, 1927.

*M. B. Eubanks,* for plaintiff in error.
*Maddox, Matthews & Owens,* contra.