25443. DIXIE FREIGHT LINES INCORPORATED *v.* TRANSPORTATION INCORPORATED.

DECIDED JULY 15, 1936.

*Clifford Hendrix, Hendrix & Buchanan,* for plaintiff in error.
*Watkins, Grant & Watkins, Allan Watkins,* contra.

STEPHENS, J. Transportation Incorporated brought a suit on account against Dixie Freight Lines Incorporated. It was alleged in the petition that the defendant owed the plaintiff $199.76 on an account of which a bill of particulars was annexed. A stipulation between the parties shows that the bill of particulars was very voluminous, and consisted of a number of freight charges practically identical in nature, and the parties agreed, instead of bringing to this court a complete copy of the bill of particulars, to use the first paragraph, which alleged in substance that on a certain date the plaintiff received a shipment of goods in Charlotte, N. C., for delivery to a party in Montgomery, Alabama; that these goods were carried by the plaintiff to Atlanta and turned over to an agent of the defendant to be carried by the defendant to the consignee, and under this agreement the defendant was to collect the entire freight bill and remit the share of the plaintiff to the plaintiff, the amount for this shipment being 97 cents; that all the other items were identical with the foregoing, except as to consignor, consignee, and amount; that all the shipments were received in several different States by the plaintiff, which turned them over to Hansberger Motor Transportation Company, which in turn turned them over to the defendant which carried them to the various consignees in the State of Alabama; that the defendant collected the freight charges and credited them to the account of the Hansberger Company, which credited them to the plaintiff. The stipulation also concerned a special item of a shipment from Birmingham, Alabama, to Anderson, S. C., the particulars of

which need not be stated. The defendant demurred to the petition, and filed two pleas one of which was a general denial of the alleged indebtedness. The other was a special plea of payment, setting up that the freight charges sued for were collected and paid by the defendant to the Hansberger Company, the payments being made by an accounting between the Hansberger Company and the defendant shortly after the delivery of the shipments, and that the Hansberger Company was the agent of the plaintiff at the time and was authorized to collect and receive the payments. The plaintiff amended its petition by alleging that every agreement between the plaintiff and the defendant as set out in the bill of particulars was an oral agreement between the plaintiff and either the Hansberger Company acting as agent of the defendant, or with the defendant; and these agreements were that the defendant would carry the shipment to destination, and that the defendant and the plaintiff would divide the freight charges on a percentage basis in ratio with the total mileage of the carriage, and the words "agent of the defendant" wherever used in the bill of particulars denoted either the Hansberger Company or some other agent of the defendant.

The defendant demurred generally to the amendment and to the petition as amended. The demurrer was overruled, and the defendant excepted. On June 5, 1935, the case went to trial on the defendant's plea of payment only. The jury found against the plea, and the court rendered a judgment overruling and dismissing the plea. On June 7 the case again came on for trial before another jury. By agreement of the parties the evidence introduced on the trial of the plea of payment was put in, and on motion the court directed a verdict for the plaintiff. The defendant orally moved for a new trial (as to the verdict of June 7) on the general grounds, and on the ground that it was error to direct a verdict. On June 20 the defendant filed two bills of exceptions pendente lite. In one of these it complained of the verdict rendered June 5, on the plea of payment, as contrary to law, contrary to the evidence, and without evidence to support it, and of various instructions to the jury, refusals of instructions, rulings on admissibility of evidence, and the judgment overruling and dismissing the plea of payment. In the other bill of exceptions pendente lite the judgment overruling and dismissing the plea of payment was

complained of on the same grounds urged against the verdict of June 5. On an appeal to the appellate division, error was assigned on exceptions pendente lite to the judgment overruling the demurrer to the petition, and on exceptions pendente lite to the verdict and the judgment for the plaintiff on the defendant's special plea of payment, and to the judgment overruling the defendant's motion for new trial in which the verdict directed for the plaintiff on June 7 was excepted to. On this appeal the appellate division rendered a judgment of affirmance. This judgment is here excepted to.

■ The petition as amended set out a cause of action, and the court did not err in overruling the general demurrer. The petition was in the regular form of a suit on account. The items in the account were minutely explained, and were based on oral agreements alleged to have been made by the plaintiff with the defendant or the Hansberger Company acting as agent of the defendant.

■ As to the verdict of June 5, on the issue formed by the defendant's plea of payment, there was no motion for new trial. This verdict was excepted to only by exceptions pendente lite which, as has been seen, were on the general grounds only that the verdict was contrary to law and without evidence to support it. A verdict can not be reviewed on these grounds otherwise than by a motion for new trial. The statute with regard to the municipal court of Atlanta provides that new trials may be granted upon the same grounds on which new trials may be granted in the superior court, and according to the same method of procedure, except as elsewhere provided in the act. Nowhere is it provided in the act that a verdict can be excepted to otherwise than by a motion for new trial. The act further provides: "All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court," etc. Ga. L. 1933, pp. 290, 293, § 42(b). The record shows that the only motion for new trial which was made related solely to the verdict of June 7. This motion can not be held to embrace within its compass the verdict of June 5, which is attacked only by direct exceptions and not by a motion for new trial. In the exceptions pendente lite relating

to the verdict of June 5, the verdict is excepted to as being contrary to law, contrary to the evidence, and without evidence to support it. These exceptions can not be considered. They must be raised by a motion for new trial. *Strickland* v. *State,* 24 *Ga. App.* 157 (7) (99 S. E. 890); *Mackin* v. *Blalock,* 133 *Ga.* 550 (4) (66 S. E. 265); *Schroeder* v. *Schroeder,* 144 *Ga.* 119 (3) (86 S. E. 224); *Holland* v. *State,* 18 *Ga. App.* 102 (88 S. E. 908); *Jones* v. *Richards,* 23 *Ga. App.* 560 (99 S. E. 11).

■ It is insisted that the court erred in refusing a request to charge the jury that the defendant and the Hansberger Company were separate legal entities, and in refusing to admit in evidence the charter of the defendant. As there was no dispute as to the corporate existence of these companies, it was unnecessary to emphasize the contentions of the defendant by giving the charge requested or by admitting the charter in evidence.

■ The charge of the court to the effect that the plaintiff contended that it turned over its freight into the office occupied by both the Hansberger Company and the defendant, with the understanding that where the freight was going to a point which the Hansberger lines covered it would be hauled by the Hansberger Company, but if the freight was going to territory covered by the defendant it would be carried by the defendant to its destination, was harmless, in view of the undisputed testimony that all of the shipments into Alabama were handled by the defendant, and there was no contention that any shipment went to territory covered by the Hansberger lines. This charge could not have misled the jury, and the inaccuracy in it is not sufficient ground to set aside the verdict. Besides, it was cured by another part of the charge which stated that it was admitted by both sides that the freight involved in the case was on the lines of the defendant. Another charge complained of as without evidence to support it is a statement by the court of a contention of the plaintiff. This charge presented an issue made by the evidence. There is no merit in the exception. Complaint is also made that the court did not charge the law of dual agency. There was no request for such charge, nor did either party set out a dual agency. The plaintiff contended that the Hansberger Company was not its agent, but was the defendant's agent; and the defendant contended that the Hansberger Company was not its agent, but was the agent of the plaintiff.

Another complaint is that the court did not charge the law as to estoppel. There was no request for such a charge, no evidence is pointed out from which an estoppel could arise, and no estoppel was pleaded.

■ The exception to the refusal to permit a witness for the defendant to testify to "the circumstances surrounding the applications that Mr. Forrester discussed a minute ago" can not be considered, because it is not stated what the defendant expected to prove by the witness. Counsel for the defendant stated that he wanted the witness to explain as to the date of the policy and the date of its expiration, and that he wanted the witness to testify what dealings the defendant had with the insurance company as to the policy which the Dixie Lines had with the insurance company. This statement is not definite enough to inform the court what the answer of the witness would have been. The allegation that the proposed testimony would have enlightened the jury is too indefinite to show its materiality.

The exception to the disallowance of an answer to the question of a witness as to rule 25 of the Public-Service Commission can not be considered, because it does not show what the defendant expected the witness to answer, or in what respect the answer would have been material. As has already been stated, the only issue being tried by the jury was whether the Hansberger Company was the agent of the plaintiff or of the defendant.

■ The bill of exceptions pendente lite, which relates to the judgment striking the plea of payment, and which reiterates all the grounds contained in the pendente-lite exceptions already considered with reference to the verdict rendered on that plea on June 5, need only be considered as to the act of entering judgment on the verdict. This judgment was the inevitable result of the verdict, and is not subject to attack on the various grounds insisted on. The entry of the judgment was a matter of course. There was no error in entering judgment striking the plea of payment after the jury had found against the plea. The only issue between the parties was the question of fact whether the Hansberger Company was the agent of the plaintiff or the agent of the defendant. It was virtually conceded that if the Hansberger Company was the agent of the plaintiff there could be no recovery, but if that company was the agent of the defendant the plaintiff

was entitled to a verdict. In the trial had on June 5, on the plea of payment, the finding of the jury against the plea necessarily settled this issue in favor of the plaintiff. There was nothing left to try. The court did not err in directing the jury to find for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*