### SCHROEDER *v.* SCHROEDER.

BECK, J. 1. A suit for divorce was brought by a man against his wife in a district court of the State of Nevada. She contested the action, and sought to obtain a decree of divorce in her favor. A decree was entered, granting a divorce to her, awarding to her the custody of their minor child during its minority, and granting to her alimony to be paid at the rate of $50 per month so long as she should remain un-married; and providing that if she should remarry the installments should be reduced to $20 per month for the support of the child during its minority. It was also provided that the plaintiff should have the right to visit and converse with the child at proper times and places, according to the law of its domicile. Subsequently suit was instituted in this State, based upon the Nevada decree. *Held,* that such decree will not be declared void in toto, at the instance of the defendant in the latter action, on the ground that at the time of its rendition the child was not within the jurisdiction of the Nevada court, but was a resident of the State of Georgia. An amendment to the defendant's answer, which sought to set up such defense against the recovery of alimony awarded in the Nevada decree, was properly disallowed.

2. The decree described in the preceding headnote did not show on its face that it was subject to be modified by the court rendering it, or that it was not such a fixed, certain, and definite judgment or decree as to prevent its being introduced in evidence in a suit in this State for the recovery of alimony awarded by it, at least so far as related to install-ments of such alimony past due at the time action in Georgia was instituted. Accordingly, there was no error in refusing to exclude from evidence such decree when offered, or subsequently to strike it from the evidence on the ground just indicated.

3. Under the repeated rulings of this court, the question whether the evidence was sufficient to support the verdict can not be tested by direct

exception, in the absence of a motion for a new trial. *Mackin* v. *Blalock*, 133 *Ga.* 550 (4), 551 (66 S. E. 265, 134 Am. St. R. 220). Accordingly, where the decree of the Nevada court had been introduced in evidence, although an attorney who had practiced law in that State testified that under the laws thereof the court rendering the decree had authority to alter or modify it, where a verdict was rendered in favor of the plaintiff for the aggregate amount of the installments of alimony past due when the suit was brought, the question whether such verdict was contrary to the evidence can not be tested by direct exceptions, without a motion for a new trial. The rulings of which complaint was made having been sustained, it follows that the judgment must be .

           *Affirmed. All the Justices concur, except Fish, C. J., absent.*
                    SEPTEMBER 18, 1915.

Action upon foreign judgment. Before Judge Charlton. Chatham superior court. June 30, 1914.

*F. P. McIntire* and *Twiggs & Gazan,* for plaintiff in error.
*Oliver & Oliver,* contra.