## HAMLIN *v.* JOHNS.

1. The general grounds of a motion for new trial, that the verdict is contrary to law, to evidence, and to the principles of equity and justice, and strongly against the weight of evidence, do not raise the question of error in the court's direction of the verdict because there were issues of fact that should have been submitted to the jury.

2-5. Under legal principles declared by the code and by previous decisions, as applied to the evidence in this case (an action by a vendee of land, for rescission, cancellation, and other legal and equitable relief), the verdict for the defendant was authorized. Two JJ. dissent.

No. 6158. SEPTEMBER 15, 1928. REHEARING DENIED SEPTEMBER 26, 1928.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. June 17, 1927.

*Robert G. Plunkett* and *Ryals, Anderson & Anderson,* for plaintiff.

*Jones, Jones & Johnston,* for defendant.

HILL, J. A vendee of land instituted an action against the vendor, for rescission, cancellation, injunction, and recovery of a money judgment for a part of the purchase-price paid on the land, on the ground of mutual mistake between the parties as to the identity of the land sold. At the trial, after both sides had introduced evidence, the judge directed a verdict for the defendant. The

plaintiff made a motion for new trial on the grounds that the verdict was contrary to law, contrary to the evidence, contrary to the principles of equity and justice, and decidedly and strongly against the weight of the evidence. An amendment to the motion was filed, which set up several grounds called exceptions to the charge of the court in instructing the jury, but in substance statements of the judge as to reasons why he was directing a verdict. The only assignment of error in the bill of exceptions is upon the judgment overruling and denying the motion for new trial "upon each and all of the grounds thereof," to which order the plaintiff "then and there excepted and now excepts and assigns the same as error for each and all of the reasons set out in the several grounds of her original and amended motion for new trial, and says that the court should have granted said motion for new trial on each and all of the grounds thereof."

1. Neither the grounds of the motion for new trial nor the assignments of error in the bill of exceptions raise the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury; and therefore no such question is presented for decision. *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434) ; *Kerce* v. *Davis,* 165 *Ga.* 168 (140 S. E. 287) ; *Thompson* v. *Vanderbilt,* 166 *Ga.* 132 (142 S. E. 665), and cit.

2. If a purchaser has equal opportunities with his vendor for discovering the identity of the land sold, he is bound to avail himself of those opportunities. If he fails to do so and on account of his own gross negligence he is injured, relief will not be granted to him on the ground of mutual mistake as to the identity of the property. However, if the sale was induced by a false representation of the sale agent of the seller as to the identity of the property known by the agent to be false, the purchaser would not be required to show diligence in investigating the truth of the representations, in order to be entitled to a rescission on the ground of fraud. *Cohron* v. *Woodland Hills,* 164 *Ga.* 581, 587 (139 S. E. 56). And see Civil Code (1910), §§ 4571, 4581; *Wylly* v. *Gazan,* 69 *Ga.* 506 (5) ; *Stone* v. *Moore,* 75 *Ga.* 565; *Roberts* v. *Smith,* 137 *Ga.* 30 (72 S. E. 410) ; *Woodside* v. *Lippold,* 113 *Ga.* 877-880 (39 S. E. 400, 84 Am. St. R. 267) ; *Keith* v. *Brewster,* 114 *Ga.* 176 (39 S. E. 850) ; *DeGive* v. *Healey,* 60 *Ga.* 391 (2).

3.  A contract of purchase of real estate may be rescinded .at the instance of the party defrauded, if, promptly upon discovery of the fraud, he restores or offers to restore whatever of value he received by virtue of the contract. Civil Code (1910), § 4305. "In some cases a party may rescind without the consent of the opposite party, for non-performance by him of his covenants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made." § 4306. In order to rescind a contract of purchase on the ground of fraud or mutual mistake of the parties, the purchaser must move in a reasonable time after discovery of the fraud or the mutual mistake.

4.  Under the pleadings and the evidence in this case, the jury would have been authorized to find that the agent of the defendant in pointing out the property did not knowingly make a false representation as to the identity of the property; also that the plaintiff did not herself exercise ordinary care in ascertaining the truth as to the identity of the property that was sold; also that after discovery of the mistake as to the identity of the property she did not move within a reasonable time to rescind. In the circumstances a verdict for the defendant was authorized by the evidence.

5.  The judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

HINES, J.  1.  I can not agree to the proposition of law announced in the second division of the opinion of the court. In my opinion it is unsound, and is not supported by the authorities cited to sustain it. "In all cases of a mistake of fact material to the contract, or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve." Civil Code (1910), § 4580. Thus equity will relieve in all cases of mistake of fact material to the contract, if the complaining party applies within a reasonable time. "If the party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve." § 4581. To this general rule there is an exception: "Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been .prejudiced thereby." § 4571. Section 4571 was taken from *Werner* v. *Rawson*, 89 *Ga.* 619 (15 S. E. 813), where this court held: "Where it appeared that a

mutual mistake existed between the contracting parties as to the price to be paid for certain real estate, the vendor understanding his offer of $5000 to have been accepted, while the agent of the vendee understood the vendor's offer to be $2500, and the vendor, ignorantly and without examination, accepted a check for the latter amount, and, without noting the consideration named therein, executed a deed which purported to convey the premises in consideration of $2500, the question whether or not the vendor exercised reasonable diligence to discover the mistake was properly left to the jury for determination." Here the vendor could have detected the mistake by reading the check which he received for the purchase-money of the land, or by reading the deed executed to the purchaser by him. Yet this court held that it was a question for the jury to determine whether the vendor exercised reasonable diligence in discovering the mistake; and sustained a verdict by the jury finding that he had exercised reasonable diligence in detecting the mistake. In the case at bar, the majority in effect hold that the trial judge was justified in holding as a matter of law that the plaintiff was guilty of gross negligence in not ascertaining that a representation of the agent of the seller as to the identity of the land sold was false. This holding is obviously erroneous for several reasons.

In the first place, questions of negligence are generally questions for the jury, and not for solution by the trial judge or by this court. In the second place, the evidence does not disclose any facts which would authorize the trial judge to find as a matter of law that the plaintiff was guilty of gross or other negligence in failing to discover that a representation of the sale agent to her as to the identity of the land was false. Plaintiff lived in Macon. The land was situated in Tift County, and she had never seen it. The seller and her agent likewise lived in Macon. The agent was not familiar with the location of this land. The agent offered this land to the plaintiff, but she declined to purchase the same until she had seen it. He took the plaintiff to Tift County to show her the land. Being unfamiliar with its location, he undertook to get sufficient information to enable him to locate and point out the land to the plaintiff. After getting such information as he thought would enable him to show the land to the plaintiff, he undertook to point out the land, and showed her certain land as constituting a part of

the tract of the seller, pointing out what he said was a boundary line between the land of the seller and that of an adjoining proprietor. This boundary and the land so pointed out embraced land adjoining the tract of the seller to which the seller could not make title. This was much better land, and much more valuable than any of the tract of land which the seller owned and proposed to sell to the plaintiff. Relying upon this representation of the seller's agent as to the identity of the tract of land which the seller was proposing to sell, and believing that it extended to the boundary of, and embraced all, the land pointed out by the agent of the seller, she concluded to purchase, paid a part of the purchase-money, accepted a deed, and executed to the seller a deed to secure the balance of the purchase-money. It afterwards turned out that the deed from the seller to the plaintiff did not extend to the boundary pointed out by the agent, and did not embrace a portion of the land so pointed out. In these circumstances a jury would be authorized to find that the purchaser was not guilty of negligence in not discovering that the representation of the seller's agent as to the identity of the land was false. Certainly under the facts of the case the question of negligence of the plaintiff should have been submitted to the jury, and not determined by the trial judge.

In the third place, the doctrine here laid down by this court is in conflict with the ruling of the majority of the court in *Cohron* v. *Woodland Hills Co.*, 164 *Ga.* 581 (supra), where the court made this ruling: "While a misrepresentation by a vendor of land, as to its quality, value, or condition, will not entitle the buyer to a rescission of the contract of sale, where the buyer had ample opportunity to inspect the land and inform himself as to its quality, value, or condition, and was not prevented by the seller's fraud from so doing, but chose to rely upon the statement of the seller as to such matters, and willfully neglected to look and see for himself, a false representation by the sales agent of the seller to the purchaser that a lot was located on a named avenue, which was made to induce the purchaser to buy the lot, and, with the same purpose, was repeated in the sales contract and in the bond for title given by the maker to the purchaser, with knowledge of its falsity, was such a fraud as would entitle the buyer to rescind the contract of sale, and she will not be precluded from so doing by reason of her failure to investigate and inform herself of the truth of the

representation before entering into the contract of sale, although such investigation would have shown that such representation was false." In the fourth place, the majority hold, that, if the sale was induced by false representations of the seller's sale agent as to the identity of the property, known by the agent to be false, the purchaser would not be required to show diligence in investigating the truth of the representation, in order to be entitled to rescission on the ground of fraud. By necessary implication this ruling makes it the duty of the purchaser to exercise diligence in investigating the truth of a representation made by the agent, if he did not know that the representation was false. This proposition is not sustained by any authorities cited, or by any authorities which I have been able to find. Misrepresentation of a material fact, though made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud. Civil Code (1910), § 4623. Fraud is a ground for rescission. § 4305.

2. The ruling in the fourth division is based upon the theory that the principle of law announced in the first division is applicable in the case at bar. To that rule there are exceptions. One of these exceptions is that a verdict should not be directed where opinion evidence is involved. *Bonds* v. *Brown,* 133 *Ga.* 451 (66 S. E. 156). In *Southern Railway Co.* v. *Lowe,* 139 *Ga.* 362 (77 S. E. 44), the action was for recovery of the value of goods, the parties being at issue on the subject; and the only evidence as to the value being the opinion of a witness, this court held that it was error for the trial judge to direct a verdict. In *McCarthy* v. *Lazarus,* 137 *Ga.* 282 (73 S. E. 493, 38 L. R. A. (N. S.) 559), and in *Graham* v. *Graham,* 137 *Ga.* 668 (74 S. E. 426), this court held that the trial judge erred in directing a verdict for mesne profits, in accordance with the opinions of witnesses as to the rental value of the premises. In an action against a railroad company, for wrongful death, where the evidence afforded an inference that a person was killed on a public railroad crossing by the running of the railroad locomotive, and where the attendant circumstances were not conclusive that the homicide was attributable to the negligence of the deceased person, or could have been prevented by the exercise of reasonable care and diligence by the agents of the railroad company .in charge of the locomotive, this court held that the court erred in directing a verdict for the defendant. *Snowball* v. *S. A. L. Ry.,* 130 *Ga.*

83 (60 S. E. 189). The above rulings were made upon the ground that questions dependent upon the opinions of witnesses, and of negligence, are matters peculiarly within the province of the jury, and that the direction of a verdict on such issues is erroneous, although there may be no conflict in the evidence. In such cases exception may be taken to the direction of a verdict upon the general grounds, and there need not be specific complaint that the evidence was conflicting. In fact, where verdicts are directed in cases involving value, dependent upon the opinions of witnesses, and in cases in which negligence is involved, there may be no conflict in the evidence, and no such specific exception to the direction of a verdict could be made. In my opinion the principle announced in the first division should not be extended further than we have already gone in this direction.

3. The undisputed evidence shows that the agent of the seller pointed out land as constituting a part of the tract which he as agent for the defendant was offering to sell to the plaintiff, and which in fact did not constitute a part of said tract; and that the plaintiff in buying thought she was getting, as a part of the tract she was buying, the land so pointed out. The evidence authorized a finding that this mistake was a mutual one. If not a mutual mistake, the evidence makes a case of fraud on the part of the seller, committed by her agent, and a mistake on the part of the plaintiff in buying this land. Equity may rescind and cancel upon the ground of mistake of fact material to the contract of one party only. Civil Code (1910), § 4579.

4. Clearly the purchaser would be entitled to set off against her purchase-money notes any damage which she sustained by reason of a misrepresentation as to the lands embraced in the tract she was buying, even though she were not entitled to rescission. *James* v. *Elliott,* 44 *Ga.* 237; *Elder* v. *Allison,* 45 *Ga.* 13; *Southwestern R.* v. *Papot,* 67 *Ga.* 675; *Smith* v. *Kirkpatrick,* 79 *Ga.* 410 (7 S. E. 258); *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *Boyd* v. *Robinson,* 104 *Ga.* 793 (31 S. E. 29); *Brannen* v. *Brannen,* 135 *Ga.* 590 (69 S. E. 1079); *Cohron* v. *Woodland Hills Co.,* supra. If the plaintiff failed for any reason to make a case for rescission, she would certainly be entitled to set off her damages against the purchase-money notes. This she could do in a court of equity, as the seller was threatening to exercise the power of sale contained

in her deed to secure the unpaid purchase-money of the land. *James* v. *Elliott,* supra.

For the above reasons I feel constrained to dissent from the judgment of the majority in this case. I am authorized to say that the Chief Justice concurs in this dissent.