BEALL *v.* MINERAL TONE COMPANY *et al.*

No. 6527. JANUARY 17, 1929.

*M. B. Eubanks,* for plaintiff.

*Y. A. Henderson* and *Graham Wright,* for defendants.

RUSSELL, C. J. The defendants in error filed a motion to dismiss the writ of error. The motion to dismiss is based upon the following grounds: "1st.: Because the same is predicated upon the verdict of the jury in said case, and no motion for new trial was filed in said case, and no assignment of error is made upon the ruling of the court directing a verdict in said case. 2nd: Because it affirmatively appears in said case that the exceptions taken in said case are from the verdict of a jury, and it is necessary, in order to test the sufficiency of the evidence to support the verdict, that a motion for new trial·be filed in said case, and it affirmatively appears from the record in said case that no such motion for new trial was filed in this case; and there being, therefore, no valid assignment of error in said case to be considered by the court, the bill of exceptions in said case should be dismissed."  In the bill of

exceptions the evidence is set forth at length. There was testimony in support of the contention of the plaintiff, who claimed certain mineral land by reason of prescriptive possession for more than twenty-four years; and likewise much testimony in behalf of the defendants, tending to show adverse possession under color of title for seven years. The court directed a verdict in favor of the defendants. Exception is taken, in the direct bill of exceptions before us, upon various grounds, including first the three general grounds usually employed in motions for new trial, and these are followed by eight additional grounds, each assigning error upon the admission of specified portions of the testimony to which the plaintiff in error objected upon the trial. There is no exception to the action of the court in directing a verdict, based upon the contention that there were issues of fact which should have been submitted to the jury, and that the court wrongfully usurped the prerogative of that tribunal.

It seems plain that in the circumstances the writ of error must be dismissed. Section 6144 of the Code of 1910, which was taken from the act of 1898 (Ga. L. 1898, p. 92), provides what may be called a short-form bill of exceptions as contradistinguished from a bill of exceptions predicated upon a motion for a new trial, in which may also be reviewed assignments of error predicated upon exceptions pendente lite. The caption of the act of 1898 is as follows: "An act to dispense with a motion for a new trial and filing brief of the evidence, and to authorize a direct bill of exceptions, in certain cases." The act declares that "In any case now or hereafter brought, where the judgment, decree, or verdict has necessarily been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for a new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the Supreme Court to clearly understand the ruling, order, decision, or charge complained of." The authorship of this act is generally attributed to Mr. Justice Lamar of this court, and later of the Supreme Court of the United States. Much is said in some of the decisions of this

court, notably in that of *Henderson* v. *State,* 123 *Ga.* 739 (51 S. E. 764), as to whether this enactment precisely conforms with the law and practice as already prevailing under the common law. In the *Henderson* case Mr. Justice Lumpkin, speaking for a majority of the court, points out certain differences wherein the language of the act is stronger and more definite than that employed in decisions of this court anterior to its passage. Mr. Justice Cobb, in dissenting from the judgment of the court in that case, referred to the fact that the act of 1898 had been held by a unanimous decision of this court to be only declaratory of existing practice, citing *Taylor* v. *Reese,* 108 *Ga.* 379, and declared that later cases conflicting with it were required under the statute to yield to it.

No matter which of these two eminent jurists was correct in the contention which arose as to the true law in the *Henderson* case, and whether we are controlled by the decisions of this court prior to the passage of the act of 1898, or compelled, as I think, to follow the precise terms of the law as enacted by the General Assembly, in either event the writ of error in the present case must be dismissed under general principles of law which are not now controverted. Before the passage of the act of 1898, and unaffected by it, there was a provision in the Code for taking cases to the Supreme Court by bills of exceptions in cases in which a judgment on a motion for a new trial was not to be reviewed. It was provided (Code of 1910, § 6140; Code of 1895, § 5528) : "No case shall be taken to the Supreme Court by bill of exceptions, except in the following manner: 1. If the case is not one in which a judgment on a motion for new trial is to be reviewed, the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, and shall incorporate in the bill of exceptions a brief of so much of the written and oral evidence as is material to a clear understanding of the errors complained of, and shall specify therein such portions of the record as are material to such understanding." It will be noted that under this section, taken from the act of 1889, it is not only required that the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, but he must primarily assert that the judgment rendered was error and injurious to his cause. He must except to it. Certain specific assignments of error might be valid; but if there is no exception to the judgment, it would have to be

assumed that there were sufficient reasons authorizing the judgment rendered, which prevented the plaintiff in error from being able to show that the errors of which he complained really injured him. To authorize a reversal of the judgment of the lower court, not only error but injury must be shown. *Elrod* v. *Grant, 9 Ga. App.* 307, 309 (71 S. E. 501).

In this case there was no motion for a new trial. The bill of exceptions recites that "at the conclusion of the foregoing evidence the court directed a verdict against the plaintiff and in favor of the defendants, and for the injunction as prayed by defendants, to which verdict the plaintiff excepts and assigns as error upon the following grounds, to wit: (1) Because the verdict is contrary to law. (2) Because the verdict is contrary to evidence and without evidence to support it. (3) Because the verdict is contrary to the principles of justice and equity," and (4), (5), (6), (7), (8), (9), (10), because the court erred in admitting specified evidence over the objections stated in each instance. There is no statement as to how or why the action of the judge was prejudicial, and no statement in any of these grounds that the error was controlling, so as to bring the case within the terms of section 6144 of the Code of 1910. As several times held by this court, if the case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. *Mackin* v. *Blalock,* 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220). In *Sanders* v. *State,* 84 *Ga.* 217 (10 S. E. 629), this court held: "Whether the verdict was warranted by the evidence is not matter for adjudication in the Supreme Court unless a motion was made in the court below for a new trial." Chief Justice Bleckley, in delivering the opinion of the court, said: "If there had been a motion made in the court below for a new trial and that had been overruled, we could deal with this question [whether the verdict was contrary to the evidence], but without such motion the verdict of the jury and the evidence as applicable to it can not be considered. This has been so often ruled that we need not do more than refer to about fifteen cases, to relieve ourselves from discussing it," citing the cases. This unanimous decision of this court was rendered prior to the passage of the act of 1898 from which section 6144 was taken; but since the passage of that act this court

has adhered to the same ruling in *Taylor* v. *Reese,* supra; *Smith* v. *Smith,* 112 *Ga.* 351 (37 S. E. 407) ; *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204) ; *English* v. *Hill,* 116 *Ga.* 415 (42 S. E. 717) ; *Bacon* v. *Jones,* 117 *Ga.* 497 (43 S. E. 689) ; *Anderson* v. *Wyche,* 126 *Ga.* 393 (55 S. E. 19) ; *Cox* v. *Macon Railway &c. Co.,* 126 *Ga.* 398 (55 S. E. 232) ; *Mackin* v. *Blalock,* supra; *Schroeder* v. *Schroeder,* 144 *Ga.* 119 (86 S. E. 224) ; and others. So, adopting the phraseology of Chief Justice Bleckley, we would seem to be relieved from further discussing this point. As we have already stated, there is no exception to the fact that the judge directed the verdict, based upon the specific ground that there were issues of fact which would have authorized the jury to reach a different result from that directed by the court; and, as appears from the record, there is evidence in support of the verdict directed. No sufficient cause is shown for reversal of the judgment, and no ruling can be made on the question whether under the pleadings and the evidence there were issues of fact which should have been submitted to the jury. Even though there was no motion for a new trial in this case, the court could have reviewed the evidence under an assignment of error to the direction of the verdict, based upon the ground that it was an error which controlled the case and was error for the reason that under the pleadings and evidence there were issues of fact which should have been submitted to the jury. But there is no such exception in this record.

*Writ of error dismissed. All the Justices concur.*

BECK, P. J., and HINES, J., concur in the result.

BECK, P. J. No ruling excepted to, considered by itself or in connection with other exceptions, is necessarily controlling in the case. I am of the opinion, however, that the judgment should have been affirmed, instead of dismissing the writ of error; but the result of affirming the judgment or dismissing the writ of error is substantially the same, and it is for this reason that I concur in the result.