## SHEFTALL *v.* JOHNSON.

No. 7558.   MAY 17, 1930.

*Farr & Richter,* for plaintiff in error.

· *Bouhan & Atkinson,* contra.

GILBERT, J. This case is in equity. The facts strongly call for the interposition of the powers of a court of equity. The contract between Sheftall, holder of the legal title to the property, and the Realty Company contemplated a sale of the property by the Realty Company. It made express provision for such sale. That was the obvious purpose moving the Realty Company to execute the contract with Sheftall. The contract did not require that purchasers from the Realty Company should pay the full purchase-price in cash. The contract did not expressly provide that purchasers from the Realty Company were obligated to see that the Realty Company paid over to Sheftall the money paid to the Realty Company. The Realty Company sold designated lots to Johnson, and Johnson has paid the contract price for his lots in full, to wit: $1050. According to the contract between Sheftall and the Realty Company, Sheftall was obligated to execute a deed to the Realty Company when eighty per cent. of this $1050 was paid to Sheftall. Eighty per cent. would be $840. The petition alleges that the Realty Company paid to Sheftall $474.52 out of the $1050 paid by Johnson; also that the Realty Company made "anticipated payments" as provided in section 4 of the contract amounting to $300, which, added to the $474.52 amounts to $774.52. The paragraph of the contract mentioned provides that the Realty Company shall have the right "to anticipate in payment any and all amounts due under this agreement, and shall be entitled to obtain conveyance from the said Solomon Sheftall as herein set forth, either upon the payment of the amounts at the dates herein specified or when the payment of such amounts is anticipated." The Realty Company agreed to pay all taxes. The petition alleges that the company did pay taxes to the amount of $198.04.

We are dealing with the sufficiency of the petition as against the demurrer. We proceed, therefore, on the theory that Sheftall has actually received $474.52 in cash on the particular payments

made by Johnson, and, in addition, $300 anticipated payments. Under the original contract executed by Sheftall looking to the sale of the lots, we are bound to assume that Sheftall knowingly permitted and in equity and good conscience was a party to the sale of the lots to Johnson by the Realty Company, receiving a portion of the proceeds. Sheftall, therefore, put it in the power of the Realty Company to contract with Johnson and to receive from Johnson $1050.00. Sheftall not only put it in the power of the Realty Company, but, in equity, the Realty Company was acting for Sheftall as well as itself. It is true that, excluding taxes paid by Johnson, Sheftall has not received the entire eighty per cent. of Johnson's purchase-money. It is true also that Sheftall's contract was of record, affording constructive notice to Johnson that the title would only be conveyed by Sheftall to the Realty Company upon receipt of eighty per cent. of the purchase-price of the lots. But the Realty Company was selling the property by Sheftall's express written authority. Neither fraud nor collusion between the Realty Company and Johnson appears. The contract did not require immediate payment of sums received from purchasers to Sheftall. At all events, Sheftall has received a large part of Johnson's purchase-money, and it would be inequitable to permit Sheftall to keep this money and to escape all accountability therefor; more especially where, according to the allegations of the petition, the court may in its final judgment adjudicate and protect the rights of all parties. The petition does not allege that the Realty Company is insolvent. On the contrary it does allege that a sufficient amount of the Sheftall property remains unsold, and subject to Sheftall's claim against the Realty Company to protect Sheftall. The demurrer attacks the petition on the ground that there is no contractual relation between Sheftall and Johnson. It is true that Johnson was not a party to the original contract, but that contract assumed and anticipated that other parties would acquire interests in the property. Johnson did acquire an interest; Sheftall accepted a portion of the proceeds. The suit, therefore, is not based alone or primarily on the contract, but it is based upon an interest acquired by the payment of funds by Johnson through the Realty Company to Sheftall. Sheftall and the Realty Company were properly made joint defendants, all being interested in the same subject-matter, to wit, the claim of Johnson to title to the

# 584

property for which he has fully paid. Compare *Williams* v. *Brewton*, 170 *Ga.* 164 (152 S. E. 441), a case dealing with a similar equitable claim as against a vendor of realty. All parties are in the court; none are insolvent. The court will retain jurisdiction of the case, and according to the facts will render a decree that will do equity to all parties. The prayers of the petition are sufficient for that purpose. The grounds of demurrer are numerous, but we think it unnecessary to deal with these grounds in detail. For the reasons stated above, the demurrer as a whole was properly overruled. *Judgment affirmed. All the Justices concur.*