SHEFTALL v. JOHNSON et al.

GILBERT, J. The case was formerly before this court, where error was assigned on a judgment overruling demurrers to the petition. *Sheftall* v. *Johnson*, 170 *Ga.* 578 (153 S. E. 354). Subsequently, on the trial of the case, evidence was introduced by the plaintiff, and the defendant. rested without the introduction of evidence. The court, on motion, directed a verdict for the plaintiff against the defendant; and the defendant assigns error in the language following: "To the direction of said verdict, to the verdict, and to the decree, the defendant Harriet E. Sheftall then and there excepted and now excepts, and assigns the same as error, and then and there said and now says that the court committed error in directing the verdict for the plaintiff, and in entering the said decree, under the pleadings in the case, and the evidence submitted to the jury." In the bill of exceptions error is also assigned on a ruling of the court allowing a witness to answer a question propounded by the court, to wit: "Q. Sheftall put it in your power to sell those lots, did he? A. He did." The objection made at the time was that the question "called for a conclusion of the witness." It is now urged that the evidence "was objectionable for the reason urged, and because it was one of the issues whether the company had it put in its power by Sheftall to sell the lots. The asking of said question and requiring and permitting its answer was prejudicial and harmful to the said defendant." No motion for new trial was made, the case being brought to this court on direct bill of exceptions. *Held:*

1. "Where a case has been tried by a jury and a verdict returned therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for new trial is indispensable."

2. "Where there is no motion for a new trial, and the exception is that the direction of the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point presented which can be considered by this court." *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473). *See Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321).

3. The decree follows the verdict, and is not erroneous.

4. It follows from the foregoing that the judgment must be

*Affirmed. All the Justices concur.*

No. 8065. DECEMBER 10, 1930. REHEARING DENIED FEBRUARY 14, 1931.

*Farr & Richter,* for plaintiff in error.
*Bouhan & Atkinson,* contra.