### 23127. NORTH CAROLINA MUTUAL AND PROVIDENT ASSOCIATION v. ROSS.

BROYLES, C. J. The special grounds of the motion for a new trial are merely in elaboration of the general grounds of the motion. The verdict was authorized by the evidence, and, the finding of the jury having been approved by the trial court and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 6, 1933.

*H. A. Woodward,* for plaintiff in error.
*Josephine W. McDonald, Esles Doremus,* contra.

### 23138. CLARK v. TAYLOR.

BROYLES, C. J. 1. "An assignment of error complaining that the court erred in directing a verdict is insufficiently specific to present to this court the question whether the court erred in directing a verdict, unless it is alleged that the court erred in directing the verdict because there were issues of fact which should have been submitted to a jury and evidence introduced which would have authorized a jury to find a different verdict from that directed by the court." *Bosworth v. Nelson,* 172 *Ga.* 612 (158 S. E. 306) ; *Sheftall v. Johnson,* 171 *Ga.* 890` (2) (157 S. E. 94), and cit. In the instant case the sole assignment of error in the amendment to the motion for a new trial is as follows: "Because at the trial of said case, upon the completion of the evidence by both parties, the court directed a verdict for the plaintiff, to which direction of the verdict movant then and there excepted, now excepts, and assigns the same as error." Under the foregoing ruling the assignment of error is not sufficiently specific to present to this court the question whether the court erred in directing the verdict; and the only question presented is whether the verdict directed was authorized by the evidence.

2. The verdict directed was authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 6, 1933.

*H. E. Coates, Marion Turner,* for plaintiff in error.
*H. F. Lawson,* contra.