23598. PARKER *et al.* v. FAMILY FINANCE COMPANY.

BROŸLES, C. J. 1. Where a case has been tried by a jury, or by a judge who, by consent of the parties, passed upon all questions of law and fact, and a verdict has been rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473); *Sheftall* v. *Johnson*, 171 *Ga.* 890 (157 S. E. 94); *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321), and cit.; *Nuckolls* v. *Jordan*, 49 *Ga. App.* 79 (174 S. E. 250).

2 Where there is no motion for a new trial and the exception is that the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point presented which can be considered by this court. *Beall* v. *Mineral Tone Co.*, *Sheftall* v. *Johnson*, *Nuckolls* v. *Jordan*, supra.

3. The instant case (a suit on a promissory note), by consent of the parties, was heard by the judge without the intervention of a jury and with the authority to pass upon all questions of law or fact. After the introduction of the plaintiff's evidence, the defendants moved for a nonsuit and the motion was denied. In the bill of exceptions that judgment was assigned as error, but the assignment is treated as abandoned, since it is not argued or insisted upon in the brief of counsel for the plaintiff in error. At the conclusion of the evidence for the plaintiff, the defendants put in their evidence, and thereafter the court rendered a judgment in favor of the plaintiff. The defendants made no motion for a new trial, but brought the case to this court by a direct bill of exceptions, which contains the following assignment of error: "To the judgment rendered by the court against the defendants for the amount sued for in said suit, together with interest and cost, the defendants then and there excepted, and now except and assign said ruling and judgment as error, because said ruling and judgment is contrary to the evidence and without evidence to support it; because the ruling and judgment is decidedly and strongly against the weight of evidence; because said ruling and judgment is contrary to law and the principles of justice and equity, and [plaintiffs in error] say that said judge should have rendered a judgment in favor of the defendants." Under the rulings set forth above, this court can not pass upon the sufficiency of the

evidence to support the findings and judgment of the trial court, and the judgment must be and is

Affirmed. *MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 23, 1934.

*Duke Davis, Grim & Harrison,* for plaintiffs in error.
*Howell, Heyman & Bolding,* contra.