## 24034. MILLER v. EDWARDS.

SUTTON, J. After the introduction of evidence by both sides, each party moved the court to direct a verdict in his favor, and the court over-ruled the plaintiff's motion, but sustained that of the defendant and directed a verdict in his favor. The plaintiff did not move for a new trial, but excepted directly to the direction of the verdict in favor of the defendant. The only assignment of error in the bill of exceptions is, "Plaintiff then and there excepted and now excepts and assigns the same as error and says that the same is contrary to law and contrary to the evidence." The defendant moves to dismiss the bill of exceptions because there is no sufficient assignment of error. *Held:*

1. A direct bill of exceptions will lie to a ruling of a trial court direct-ing a verdict. *Webb* v. *Hicks*, 117 *Ga.* 335 (43 S. E. 738). However, "where there is no motion for a new trial, and the exception is that the direction of the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point presented which can be considered by this court." *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473); *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (147 S. E. 115); *Sheftall* v. *Johnson*, 171 *Ga.* 890 (2) (157 S. E. 94); *Hamilton National Bank* v. *Robertson*, 177 *Ga.* 734 (171 S. E. 293); *West Green School Dist.* v. *Peoples Planing-Mill Co.*, 46 *Ga. App.* 48 (166 S. E. 439).

2. "While it is true that 'where both parties to a cause consent that the court direct a verdict, though each moves that it be directed in his own favor, neither party can complain that the court erred in directing a verdict, though the losing party may except upon the ground that the verdict directed is erroneous,' . . yet, in the absence of any such agreement, 'the mere fact that a party to a litigation contends that the evidence demands a finding in his favor does not amount to a concession that if this position is not correct, a verdict may be directed in favor of the other party.'" *Riley* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686, 688 (2) (109 S. E. 676).

3. Under authority of the ruling of the Supreme Court in *Beall* v. *Mineral Tone Co.*, supra, the writ of error in this case is dismissed, although a refusal to consider the assignment of error and an affirmance of the judg-ment of the trial court would have the same result. See *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (4) (143 S. E. 321); *West Green School Dist.* v. *Peoples Planing-Mill Co.*, supra. There is a motion to dismiss the writ of error in this case, which distinguishes it from the cases just cited supra.

4. The question of the proper assignment of error upon the direction of a verdict has been dealt with a number of times both by the Supreme Court and this court. *Davidson* v. *Citizens Bank & Trust Co.*, 46 *Ga. App.* 78, 80 (166 S. E. 775); *Hamlin* v. *Johns*, 166 *Ga.* 880 (144 S. E. 659), and cit.; *Manning* v. *Gettys*, 48 *Ga. App.* 203 (172 S. E. 571); *Beall* v. *Mineral Tone Co.*, supra; *Hightower* v. *Hightower*, 159 *Ga.* 769 (127 S. E. 103); *Gilliard* v. *Johnston*, 161 *Ga.* 17 (129 S. E. 434); *Travelers Fire Ins. Co.* v. *Thornton*, 45 *Ga. App.* 203 (164 S. E. 98);

*Thompson* v. *Vanderbilt*, 166 *Ga.* 132, 133 (142 S. E. 665), and cit. The following has been held to be a proper assignment of error upon the direction of a verdict: "that the court erred in directing the verdict, because there were issues of fact which should have been submitted to a jury and evidence introduced which would have authorized a jury to find a different verdict from that directed by the court." *Bosworth* v. *Nelson*, 172 *Ga.* 612 (158 S. E. 306).

  *Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

  DECIDED NOVEMBER 12, 1934.

*Augustus M. Roan, James T. Manning,* for plaintiff in error.
*Howell Brooke,* contra.