24068. GILMORE *v.* CONTINENTAL INSURANCE COMPANY.

DECIDED FEBRUARY 12, 1935. REHEARING DENIED MARCH 1, 1935.

*Joel B. Mallet,* for plaintiff in error.
*Crenshaw & Hansell, Willingham & Willingham,* contra.

SUTTON, J. The defendant owned a mill and dwelling house and the dwelling was insured with the plaintiff. There was a fire, which destroyed both the mill and the residence. The fire was alleged to have been caused by the negligence of a third person. The insurer paid the loss on the dwelling house and took from the insured an assignment of his claim or right of action against the third person, wherein the insurer became subrogated to all the rights of the insured against the tort-feasor. Thereafter the insured settled with the tort-feasor, as he claims, for damages to his person and to his mill property; but under the contention of the insurer, the settlement was in full of all damage caused by the tort-feasor to the insured by reason of said fire. The insurer brought its action against the insured for money had and received,

and at the conclusion of the evidence the court directed a verdict for the plaintiff for the amount of the damage to the dwelling house, which it had paid to the insured. To this judgment the defendant excepted directly upon the ground that "the court should have overruled the motion to direct a verdict, and erred in refusing so to do, under the pleadings in the case and the evidence submitted to the jury, and says that the said ruling and order of the court and the verdict of the jury and the judgment of the court are contrary to law, contrary to evidence, and without evidence to support the same."

1. Where there is no motion for a new trial, and the exception to the direction of a verdict is that the ruling and order of the court and the verdict of the jury and the judgment of the court are contrary to law, contrary to the evidence, and without evidence to support the same, there is no point presented which can be considered by the appellate court. *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473).

2. An exception to the direction of a verdict, on the ground that this ruling and the verdict directed were contrary to law, does not present the point that there were issues of fact which should have been submitted to the jury. Where there is no motion for a new trial, no question of the sufficiency of the evidence to support the verdict can be considered on review. *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (147 S. E. 115); *Rodgers* v. *Black*, 99 *Ga.* 142 (25 S. E. 20); *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103). Such an assignment of error is not a valid one. *DeLaPerriere* v. *Herrman*, 41 *Ga. App.* 60 (151 S. E. 813). "Even though there was no motion for a new trial in this case, the court could have reviewed the evidence, under an assignment of error to the direction of the verdict, based upon the ground that it was an error which controlled the case and was error for the reason that under the pleadings and evidence there were issues of fact which should have been submitted to the jury." *Beall* v. *Mineral Tone Co.*, supra.

3. An assignment of error complaining that the court erred in directing a verdict is not sufficient to present to this court the question whether the court erred in directing a verdict, unless it is alleged that the court erred in directing the verdict because there were issues of fact which should have been submitted to the

jury or evidence introduced which would have authorized the jury to find a different verdict from that directed. *Bosworth v. Nelson,* 172 *Ga.* 612 (158 S. E. 306) ; *Sheftall* v. *Johnson,* 171 *Ga.* 890 (2) (157 S. E. 94).

4. Since there is no motion to dismiss the writ of error, this court will, in this particular instance, affirm the judgment, instead of dismissing the writ of error, the result to the parties being the same.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*

### ON MOTION FOR REHEARING.

SUTTON, J. In the case of *Sheftall* v. *Johnson,* 171 *Ga.* 890, which was in the Supreme Court on a direct bill of exceptions, error was assigned in the following language: "To the direction of said verdict, to the verdict, and to the decree, the defendant Harriet R. Sheftall then and there excepted, and now excepts, and assigns the same as error, and then and there said and now says that the court committed error in directing the verdict for the plaintiff, and in entering the said decree, under the pleadings in the case, and the evidence submitted to the jury." The assignment of error in that case is almost identical with the assignment of error in this case, and the Supreme Court held that the assignment of error in that case was insufficient. We are of the opinion that the holding of the Supreme Court in the *Sheftall* case and the other cases cited above are controlling as to the assignment of error in the present case. Furthermore, the court in this case considered the facts and is of the opinion that the judgment of affirmance is proper on the merits of the case. Therefore the motion for rehearing is denied.

*Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*