24592.  JONES *et al v.* MOORE.

DECIDED SEPTEMBER 5, 1935.

*B. F. Whelchel, Fred L. Brewer,* for plaintiffs in error.

*J. F. Pruitt, Wheeler & Kenyon,* contra.

JENKINS, P. J.   A creditor of Fred Jones garnished the secretary and treasurer of the Democratic Executive Committee of his county.  The defendant's brother filed a claim.  The undisputed facts were that the defendant, as a candidate for the General Assembly, was assessed an entrance fee of $150, and gave a check therefor to the garnishee; that later the claimant brother also "paid to garnishee the sum of $150 in cash, stating that the sum so paid was his [the claimant's] money, and that he was paying same to garnishee as Fred Jones' entrance fee in said primary;" that the garnishee delivered a receipt for the amount to the claimant in the claimant's own name; and later returned the defendant's check to the defendant; that the defendant ran for office on the entrance fee paid by the claimant; that after service of the garnishment summons, and before answer, the executive committee instructed the garnishee to return to candidates the balances, if any, of the amounts assessed against them after paying the primary expenses; that Fred Jones's share of the expenses was $71.09, leaving $78.79 belonging either to him and subject to the garnishment, or to the claimant.   On motion, the court directed a verdict in favor of the plaintiff, from which ruling the claimant brought a direct bill of exceptions.   The defendant in error moves to dismiss the writ of error, on the ground that the correctness of the verdict can not be reviewed in the absence of a motion for new trial, and contends that the assignments of error are insufficient.   These assignments are: "To the action of the court in so directing said verdict, and to said judgment of the court, the defendant and the claimant then and there excepted and now except, and assign error thereon as be-

ing contrary to law, and say that the court erred in so directing said verdict, in allowing said verdict to be rendered, in rendering said judgment, and allowing said judgment to be entered;" and "the defendant and the claimant except to and assign error on each and every one of these said acts on the part of the court, and to the verdict and judgment herein, and show that none of said acts complained of, or the verdict, or judgment are supported by the evidence, and that they are contrary to law."

■ Irrespective of whether or not, if the evidence was conflicting, any one or more of the assignments of error or the assignments when taken together would be sufficient to test the mere weight of the evidence supporting the verdict in favor of the plaintiff creditor (see *Phillips* v. *So. Ry. Co.*, 112 *Ga.* 197, 37 S. E. 418; *Anderson* v. *Walker*, 114 *Ga.* 505, 506, 40 S. E. 705; *Kelly* v. *Strouse*, 116 *Ga.* 872, 897, 43 S. E. 280; *Meeks* v. *Meeks*, 5 *Ga. App.* 394, 63 S. E. 270; *Savannah Trust Co.* v. *National Bank of Savannah*, 16 *Ga. App.* 706, 717, 86 S. E. 49; but see also *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667, 146 S. E. 473; *Sheftall* v. *Johnson*, 171 *Ga.* 890, 157 S. E. 94; *Schroeder* v. *Schroeder*, 144 *Ga.* 119 (3), 86 S. E. 224; *Bosworth* v. *Nelson*, 172 *Ga.* 612, 158 S. E. 306; *Manning* v. *Gellys*, 48 *Ga. App.* 203, 172 S. E. 571; *Miller* v. *Edwards*, 50 *Ga. App.* 131, 177 S. E. 758; *Gilmore* v. *Continental Ins. Co.*, 50 *Ga. App.* 598, 179 S. E. 150), the exceptions to the judgment, the verdict, and the direction of the verdict as being "contrary to law," and as not "supported by the evidence," were in any event sufficient to raise the question whether there was any evidence to support the verdict as directed. *Beall* v. *Mineral Tone Co.*, supra; *De LaPerriere* v. *Herrmann*, 41 *Ga. App.* 60, 151 S. E. 813; *Clark* v. *Taylor*, 47 *Ga. App.* 692, 171 S. E. 308.

■ The undisputed testimony demanded a finding that the claimant never made any complete and unconditional gift of the fund garnished, by delivery to the defendant or any agent of the defendant; but that the claimant deposited $150 with the garnishee as secretary and treasurer of the county Democratic Executive Committee merely for the specific purpose of paying the particular assessment obligation of his brother as a candidate for the legislature, and with the accompanying statement that it was "his [the claimant's] money." Consequently, when the amount so paid discharged and met the special purpose for which it was deposited,

and the committee directed a return of all balances to the respective candidates, the defendant, never having acquired any title to the balance left after paying his assessment, a verdict in favor of the claimant was demanded; and it was error to direct a verdict for the plaintiff upon a finding that the balance of the deposit belonged to the defendant and was subject to garnishment.

*Judgment reversed. Stephens and Sutton, JJ., concur.*