25457.  CLARK *et al. v.* CALHOUN NATIONAL BANK.

DECIDED JULY 9, 1936.

*J. H. Paschall,* for plaintiffs in error.
*W. E. Mann, W. G. Mann,* contra.

JENKINS, P. J.  ■  "Where a plaintiff offers to the court an

amendment to be allowed and filed as a part of the record, and the court refuses to allow it, the paper does not become a part of the record by merely filing it in spite of the disallowance; and if exception is taken to such refusal to allow it, the proposed amendment should be brought up in the bill of exceptions, or attached thereto as an exhibit properly identified, and can not be brought up by specifying it as a part of the record, of which it never legitimately became a part." *Holmes* v. *Cobb Real Estate Co.*, 142 *Ga.* 56 (82 S. E. 496); *Simmons* v. *Freeman*, 146 *Ga.* 118 (2) (90 S. E. 965). A similar rule obtaining as to a filed but disallowed amendment to an answer, this court can not consider the instant exceptions to such a disallowance, where the amendment is not included in the bill of exceptions or attached thereto as an identified exhibit, but is merely specified in the bill of exceptions and sent up by the clerk with the record.

■ Exceptions pendente lite to the overruling of a demurrer to a petition on August 3, 1935, at the May term of the court, were not tendered and certified too late on September 25, 1935, during the August term, since the May term necessarily must have adjourned before the fourth Monday in August, the beginning of the August term, and since, the adjournment being less than thirty days from the date of the ruling complained of, the statute allowed the defendants sixty days after the ruling within which to tender their exceptions pendente lite. Code, § 6-905.

■ The promissory note involved was made payable to the order of a named person, followed by the words, "Ex. R. H. Land Estate." It was indorsed generally by a signature in like form. Under the negotiable-instruments law (Code, §§ 14-220, 14-415), prima facie the contract of the payee was in a representative capacity, for and in behalf of the estate, and not as an individual. Therefore, if the payee-indorser had been sued individually, it would have been necessary to allege that he was not duly authorized by the will to act, as he purported to act, for the estate. *Wright* v. *Morris*, 50 *Ga. App.* 196 (177 S. E. 365). But where the plaintiff did not sue the indorser in any capacity, but sued only the other parties to the instrument, and the petition alleged that the note was "transferred by indorsement thereon for value before maturity to petitioner, and petitioner is the holder thereof bona fide and for value," this averment and the indorsement on the note

were sufficient, against only a general demurrer, to show that the plaintiff was the legal holder and had a right to sue. It was unnecessary to state specifically or in detail that the indorser, as executor, had authority under the will or under a proper order of court to make the indorsement and transfer the title of the note to the plaintiff. A fortiori, assuming that the words following the name of the payee should be treated merely as "descriptio personæ," and therefore as showing only an individual ownership and indorsement, the indorsement by the person named was legally sufficient to transfer his individual title, since the words following his name would in that event be treated as mere surplusage, and his authority or absence of authority as executor would have been immaterial. For these reasons, the court properly overruled the general demurrer to the petition.

■ "Rulings upon the sufficiency of pleadings are not proper subject-matter for a motion for a new trial." *Watkins Co.* v. *Mims,* 35 *Ga. App.* 170 (132 S. E. 241), and cit.; *Cody* v. *Citizens & Southern National Bank,* 50 *Ga. App.* 210 (177 S. E. 513). Therefore the ground of the defendants' motion for new trial excepting to the refusal to allow an amendment to the answer presents no question for determination.

■ When the note sued on, indorsed generally. by the payee and as above described, was introduced in evidence by the plaintiff, presumptively it was the legal holder of the instrument, with a right to sue, both when the case was filed and when it was tried. This right of the plaintiff would not be defeated by the fact that before the suit the entire beneficial ownership and interest may have been vested in another person, provided the plaintiff still retained the legal title and lawfully held possession of the instrument at the times of filing and of trial. But if the evidence indisputably showed that the plaintiff had parted with the beneficial ownership and the legal title, and that the right of possession was in another person, a verdict would have been demanded for the defendants. See *Jordon* v. *Colquitt National Bank,* 22 *Ga. App.* 23 (95 S. E. 319), and cit.

■ The president of a corporation being presumed in this State to be its alter ego, and the corporation being bound by his acts and admissions within the scope of its ordinary business and his apparent authority as its chief executive officer and agent, partic-

ularly where his acts and admissions occur in the trial of a case in which the corporation is a party (*Farmers Peanut Co.* v. *Zimmerman-Alderson Carr Co.*, 52 *Ga. App.* 265 (4), 183 S. E. 115; *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259 (6), 170 S. E. 337), and it being the rule that the portion or version of the testimony of a party in a case which is most against himself is to be accepted or taken most strongly against him, where his testimony is contradictory, vague, or ambiguous (*Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428, 49 S. E. 294; *Henry* v. *Nashville &c. Ry. Co.*, 50 *Ga. App.* 49, 176 S. E. 906; *Spence* v. *Sterchi Brothers Stores Inc.*, 52 *Ga. App.* 321 (2), 183 S. E. 128), this rule must be applied against the plaintiff corporation where its president testified.

■ In the instant suit by the bank as the holder by indorsement of the promissory note executed and indorsed as before indicated, the court directed a verdict for the plaintiff. The defendants excepted to the denial of their motion for new trial on the general grounds, and on the special ground that "the court erred in directing a verdict for the plaintiff in said case, and movant insists that a verdict should have been directed for the defendants in said case, it appearing that the plaintiff, the Calhoun National Bank, did not own the note sued on in said case, and had no interest in said note; that the defendants did not owe plaintiff anything whatever on said note; and that the plaintiff did not authorize or direct that suit be brought on said note, and did not even know that this suit had been filed in its name." Whether or not this exception in the motion for new trial, together with the general assignment of error in the bill of exceptions to the overruling of the motion on all grounds, could be properly taken as a sufficient legal exception to the direction of the verdict for the plaintiff, because there were issues of fact which should have been submitted to the jury, and evidence introduced which would have authorized the jury to find a different verdict from that directed, within the rule as repeatedly stated by the Supreme Court (see *Bosworth* v. *Nelson*, 172 *Ga.* 612, 158 S. E. 306; *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667-671, 146 S. E. 473; *Sheftall* v. *Johnson*, 171 *Ga.* 890, 157 S. E. 94; *Hamlin* v. *Johns*, 166 *Ga.* 880, 144 S. E. 659; *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (2), 141 S. E. 321; *Manning* v. *Gettys*, 48 *Ga. App.* 203, 205, 172 S. E. 571; *Harrison* v. *Neel Gap Bus Line Inc.*, 51 *Ga. App.* 120, 179 S. E. 871; *Hall* v. *Eufaula Brick Co.*, 50

*Ga. App.* 466 (2), 178 S. E. 403; *Gilmore* v. *Continental .Ins. Co.,* 50 *Ga. App.* 598, 179 S. E. 150; *Miller* v. *Edwards,* 50 *Ga. App.* 131, 177 S. E. 758; *Cody* v. *Citizens & Southern National Bank,* supra; and see *Phillips* v. *So. Ry. Co.,* 112 *Ga.* 197, 37 S. E. 418; *Irvin* v. *Porterfield,* 126 *Ga.* 729, 733, 55 S. E. 946; *Kelly* v. *Strouse,* 116 *Ga.* 872 (10, *b*), 897, 43 S. E. 280; *Meeks* v. *Meeks,* 5 *Ga. App.* 394, 63 S. E. 270), this exception and the general grounds of the motion for new trial, in any event, presented the question whether the verdict as directed was authorized by the evidence. See *Black* v. *Columbia Phonograph Co.,* 52 *Ga. App.* 48 (2) (182 S. E. 73); *Jones* v. *Moore,* 51 *Ga. App.* 716 (181 S. E. 313), and cit. Part of the testimony of the president of the bank, the alter ego of the corporation and the only witness who testified, was that before the suit, the note sued on, which the bank had previously held as collateral, had been surrendered to another person acting for an estate, that "we didn't *hold* this note" on the date when the suit was filed, that "we didn't know this suit was being filed in the name of" the plaintiff bank, that "the bank did not authorize suit to be brought against the defendants in this case," that the witness "didn't authorize suit to be filed in the bank's name," and that the defendants "do not owe the [bank] one dime on this note." This testimony was conclusive against the plaintiff corporation, notwithstanding other contradictory or ambiguous testimony by the witness that the person to whom he surrendered the note "said he wanted to turn the note over to us for suit, and then after it was recovered it would be turned into the bank for judgment; that was the agreement; I also talked to [counsel for plaintiff] about it;" that "we had no objections to suit being brought;" that "it was property that belonged to the estate, and we had a judgment against the estate, and were interested in its being paid;" that "we had a gentleman's agreement that the note be paid and turned in on our judgment;" that "the note, when it was collected, as collateral, would be applied against the debt;" that "I am not seeking to dismiss the suit now;" and that "I don't see any objection to the suit being prosecuted in the bank's name." Accordingly, it was error to refuse a new trial on the general grounds and this special ground, because, under the testimony quoted, a verdict for the defendants was demanded.

*Judgment reversed. Stephens and Sutton, JJ., concur.*